[No. 6,857.—Department Two.]

## M. B. KELLOGG *v.* THE PACIFIC BOX FACTORY.

PROTEST — NOTICE OF NON-PAYMENT — EVIDENCE.—The certificate of a notary, stating that he had duly notified all the parties to a promissory note of the protest thereof, by addressing a letter to each of them, and by delivering said letter at his place of business to a person of discretion having charge thereof, is *prima facie* evidence of that fact.

ID.—PROMISSORY NOTE.—It is not necessary that a promissory note should be protested in order to hold the indorsers.

APPEAL from a judgment, and order denying a new trial, in the Twelfth District Court, City and County of San Francisco. DAINGERFIELD, J.

*Fox & Kellogg*, for Appellant.

It is admitted that the certificate does show these facts: 1. A notice of protest; and this was *prima facie* sufficient. (*McFarland* v. *Pico*, 8 Cal. 636.) 2. A delivery of this notice at the place of business, respectively, of each of the parties to be charged. 3. To a person of discretion having charge thereof.

As proof of such facts, it was good, and the Court erred in refusing to admit it.

The certificate follows the exact language of the statute. This is sufficient. (*Bank of U. S.* v. *Smith*, 11 Wheat. 171.) "The bare certificate of the notary that he notified the makers and indorsers is itself *prima facie* evidence that they were notified." (*Walmsley* v. *Rivers*, 34 Iowa, 450.)

The certificate says the indorsers were duly notified of the protest.

The word "protest" is sufficient.

*Stanley, Stoney & Hayes*, for Respondents.

The certificate of a notary public is not, at common law, evidence of either the protest or the service of notice. It is only by statutory enactment that it is made even *prima facie* evidence. (2 Daniels on Neg. Ins. §§ 960, 961; Proffat on Notaries, § 137.)

The protest in that part certifying to the service of notice does not specify the reputed place of residence of the parties to the note. This was essential. (Pol. Code, § 795.) It does

not state the reputed place of residence of the party to whom the notice was given. (Id.) It does not state the post-office nearest to the place of residence of the party to whom notice was given. (Id.) It does not *specify* the mode of giving notice. The general statement contained in the certificate is too vague and indefinite to answer the requirements of the statute in that behalf. It does not show where the letter containing the notice was addressed to. (*Halliday* v. *Martinet*, 20 Johns. 168.) Nor the contents of the notice. (Civ. Code, § 3143; *Union Bank* v. *Humphreys*, 48 Me. 173 ; *Sumner* v. *Bowen*, 2 Wis. top page 387, *et seq.*; *Smith* v. *Hill*, 6 id. 154; *Ducket* v. *Van Lilienthal*, 11 id. 56; *Arnold* v. *Kinloch*, 50 Barb. 44; *Couch* v. *Sherrill*, 17 Kan. 622.)

It does not give the name or any description of the "person of discretion " to whom the letter was delivered so as to identify him, and afford defendants an opportunity to procure rebutting testimony.

SHARPSTEIN, J. :

On the trial of this action, upon a promissory note, in which the makers and indorsers are sued, the plaintiff offered and read in evidence the note, and then, in the language of the statement on motion for a new trial, " offered in evidence a notice of protest in the words and figures following, to wit." This is followed by what purports to be a copy of a notary's protest, a copy of the note protested, and a certificate of the notary that the parties to the note had been duly notified of said protest. The respondents, two of the indorsers of said note, " objected to the admission of said notice of protest, on the ground that the same was incompetent, irrelevant, and inadmissible " ; and then proceeded to specify wherein said notice was incompetent and irrelevant.

Strictly speaking, the offer did not embrace a " notice of protest " ; and the objection was, doubtless, to the introduction of the notary's certificate that such a notice had been given. The objection was sustained, plaintiff excepted, and without introducing any evidence, rested. The respondents moved for a nonsuit, which was granted. A motion for a new trial upon a

statement was denied; and from the judgment and order denying a new trial the plaintiff appealed.

The ruling of the Court upon the objection of the respondents to the introduction of " the notice of protest " in evidence is assigned as error by the appellant. If the notary's certificate, " that the parties to the note " had " been duly notified of the protest thereof," was competent and relevant testimony, the exception to the ruling of the Court was well taken.

By § 795 of the Political Code, " the protest of a notary, under his hand and official seal, of a bill of exchange or promissory note, for non-acceptance or non-payment, stating the presentment for acceptance or payment, and the non-acceptance or non-payment thereof, the service of notice on any or all of the parties to such bill of exchange or promissory note, and specifying the mode of giving such notice, and the reputed place of residence of the party to such bill of exchange or promissory note, and of the party to whom the same was given, and the post-office nearest thereto, is primary evidence of the facts contained therein." The authors of this provision seem to have contemplated a statement of the service of the notice on any or all of the parties to a protested bill or note, in the protest itself. A literal compliance with a requirement that a protest should contain a statement that a notice of it had been served on all of the parties to the protested bill or note might be possible, but would be contrary to usage, so far as we are at present advised. From which we infer, that it was the intention of the Legislature that the certificate of a notary that notice of a protest had been given to all the parties to a protested bill or note might be attached to the protest, and be admissible in evidence, the same as the protest itself. Such we think to have been the practice at the time of the enactment of the Code referred to, and the Legislature seems to have had that practice in view when enacting the clause above quoted.

It is not necessary, in order to fix the liability of indorsers, that a note should be protested for non-payment. A presentation of it to the maker upon the day of its maturity for payment, a refusal by him to pay it, and notice to the indorsers of such presentation and refusal, are sufficient.

" A notice of dishonor may be given in any form which de-

scribes the instrument with reasonable certainty, and substantially informs the party receiving it that the instrument has been dishonored." (Civ. Code, § 3143.) Under that provision, we think that a notice of the protest of a note for non-payment would be a sufficient notice of dishonor. A notice of dishonor may be given " by delivering it to some person of discretion at the place of residence or business of such party apparently acting for him." (Id. 3144.) The notary certifies that, in this case, he notified each of the respondents of the protest of said note by a letter to him written and addressed, dated on the day of said protest, and served on him " by delivering said letter at his place of business to a person of discretion having charge thereof." The certificate specifies the mode of giving notice of the protest to the respondents, and in that respect is in compliance with § 795 of the Political Code. It does not state the place of residence of the party to the note, nor the post-office nearest thereto ; and because it does not, the respondents contend that it was inadmissible. as evidence. It does, however, state that everything which is certified to have been done and served was done and served at San Francisco. The letters containing notice of the protest of the note were delivered at the respective places of business of the respondents, and in each instance to a person of discretion having charge thereof. As that was done at San Francisco, the respondents' places of business must have been there, and it was not necessary to state that the San Francisco post-office was nearer than any other post-office to San Francisco. A delivery of the notice at each of respondents' places of business to some person of discretion in charge thereof obviated the necessity of delivering it at or sending it by mail to the respective residences of the respondents ; and therefore it was unnecessary to state where said residences were, or the post-office nearest thereto. From which we conclude that the certificate, together with the protest, was competent and relevant evidence for the plaintiff in the action, and that the Court erred in sustaining the objection to its introduction upon the trial of said action.

Judgment and order denying motion for a new trial reversed, and cause remanded for a new trial.

MORRISON, C. J., and MYRICK, J., concurred.