## In re LITTLE RIVER LUMBER CO.

### (District Court, W. D. Arkansas, Texarkana Division. February, 1900.)

1. BANKRUPTCY—COSTS AND EXPENSES—FEE OF CREDITOR'S ATTORNEY.

Where one of the creditors of a bankrupt, by his attorney, objects to the allowance of a claim filed by another creditor, the trustee declining to interfere, and upon a contest and trial secures its rejection, thereby saving a considerable sum for distribution among the creditors generally, the attorney for such contesting creditor may be allowed a fee for his professional services rendered, to be paid out of the estate.

2. SAME—ATTORNEY FOR TRUSTEE—COMPENSATION.

Creditors of a bankrupt, at their first meeting, when they elect a trustee, should also elect an attorney to perform such services for the trustee as he may require, if they believe the services of an attorney will be necessary for the preservation of the estate. Failing such action on the part of creditors, the referee may authorize the trustee to employ an attorney, if satisfied that such a course is imperatively necessary in the best interest of the estate; and an attorney so employed will be allowed a fee, of such amount as will actually compensate him for services rendered, chargeable as part of the expense of administering the estate.

In Bankruptcy. On review of decision of referee in bankruptcy allowing a fee, payable out of the estate, to the attorneys for a creditor of the bankrupt.

The opinion of the referee (A. H. SEVIER) was as follows:

The facts in this case briefly are as follows: The Little River Lumber Company was adjudged bankrupt on January 14, 1899, and the first meeting of its creditors was held on January 25, 1899, when a trustee was elected. On August 7, 1899, O'Dwyer & Ahern, creditors of this estate, filed an unsecured claim against the estate for $1,996.45 for allowance by the referee. A. Demarce, another unsecured creditor of the Little River Lumber Company, whose claim had been allowed by the referee, filed on the 19th day of October, 1899, a protest against the allowance of the claim of O'Dwyer & Ahern, on the ground of that firm being a preferred creditor of the estate. The issue, after notice to all the creditors by the referee, was contested before the referee on October 30, 1899, by attorneys of Demarce and O'Dwyer & Ahern, and the claim of O'Dwyer & Ahern for $1,996.45 was disallowed by the referee, whereupon O'Dwyer & Ahern filed a petition for a review of the proceedings by the judge of the United States district court of the Western district of Arkansas. The case was heard by Hon. John H. Rogers, United States district judge, and the decision of the referee was sustained. 92 Fed. 585. The estate of the Little River Lumber Company had, previously to this decision, paid 50 per cent. dividends upon its indebtedness, so the disallowance of this claim of O'Dwyer & Ahern saved $1,000 for distribution among the creditors of this estate. Now comes the firm of Kirby & Carter, attorneys, joined by their client Demarce, the contesting creditor in this case, and makes application for an attorney's fee for $200 for legal services rendered in contesting and defeating this claim of O'Dwyer & Ahern. The attorneys of O'Dwyer & Ahern and several other creditors file objections to the payment of any fee to Kirby & Carter, attorneys, contending that the bankrupt act makes no provisions for payment of an attorney's fee where one creditor contests another creditor's claim. Section 64 of the bankrupt act (paragraph "b") provides for payment of one reasonable fee to an attorney for services actually rendered to the petitioning creditors in involuntary cases, but makes no provision for payment of an attorney's fee in suits between creditors over the allowance of contested claims. The attorneys for creditors who oppose the allowance of the claim of Kirby & Carter cite as conclusive authority, and depend almost exclusively on, the opinion of Judge

Phillips rendered in the case of In re J. W. Harrison Mercantile Co. (D. C.) 95 Fed. 123, as sustaining their contention in objecting to the allowance of this fee. * * * In courts of equity a party who brings property into a general fund for creditors is allowed his costs out of the fund in preference to all other claims. This is a well-known proposition. See Trustees v. Greenough, 105 U. S. 538, 26 L. Ed. 1157. Is not that a proper rule to apply in the case at bar? See General Order in Bankruptcy of United States Supreme Court. 18 Sup. Ct. x. "The trustee may properly be allowed counsel when the situation requires assistance, and fees of such counsel are properly allowed as part of the expenses of the bankruptcy proceedings." Woolson, J., in Re Stotts (D. C.) 93 Fed. 438. It is the province of the trustee to represent all the creditors and bring all suits in the administration of the estate. Yet where the trustee declines to act, as is plainly shown by the evidence in this case (although secured against costs and expense of the suit in event of failure), and where the trustee leaves it to a creditor of the estate to resist the allowance of a claim, it is the opinion of the referee that that creditor had the right to make the contest; and, having made it successfully, is entitled to have the fee of his attorney paid out of the general fund. And the referee so finds. The attorneys, Kirby & Carter, will be paid $125, that amount being estimated as ten per cent. of the dividends, past, present, and future, declared upon this disallowed claim of O'Dwyer & Ahern, canceled and turned into the general fund of this estate, as the result of this contest.

Kirby & Carter, for A. Demarce, contesting creditor.
Jones & Hudgins and Williams & Arnold, for other creditors.

ROGERS, District Judge. In this matter the action of the referee is affirmed. The trustee in this case at the time this claim should have been resisted had removed from the state. Under the advice of his counsel, to the effect that he had no right to employ an attorney for the purpose of resisting fraudulent claims, he declined to employ counsel. Being away from the state, and his counsel declining to act without remuneration, the counsel in this case, using the name of one of their clients, A. Demarce, resisted the claim of O'Dwyer & Ahern, and successfully defeated it, thus increasing the assets of the estate for the benefit of all the creditors to the extent of about $1,000. The court is somewhat familiar with the services rendered in this case, and thinks the allowance made by the referee is not exorbitant. This allowance is made and goes as a part of the expenses of the administration of the estate, and is allowed under the general equity powers of the bankrupt court. It seems to me that, on well-recognized equitable principles, an attorney who, under the circumstances of this case, intervened and successfully resisted an unjust claim, ought to be paid by the estate which was benefited by his services. The injustice of requiring the intervening creditor to pay the attorney is manifest. His distributive share of the funds preserved to the estate would not pay one-third of the attorney's fee if he were required to pay for the services. It is inequitable and unjust to permit the other creditors to avail themselves of his services, accompanied by the necessary risk, involving costs, etc., and then share in the estate without contributing to the payment of the attorney who did the work. The court, however, does not intend that this case shall become a precedent for future cases. The better opinion is that at the first meeting of the creditors, when the trustee is elected, if the creditors believe the services of an attorney for the

trustee are necessary for the preservation of the estate, they should, at the same time they elect a trustee, elect an attorney to perform such services as he may require. In re Smith, 1 Am. Bankr. R. 37. In the event they do not do so, and the trustee becomes satisfied that the services of an attorney are necessary, the referee should direct him to employ an attorney, his services to be compensated upon application to the court, the amount to be charged as part of the expense of the administration of the estate. The referee, however, should always satisfy himself, by conference with the trustee, that an attorney's services are necessary, and ought not to authorize the employment of one where the creditors have not elected one, except where there is an imperative necessity therefor in order to subserve the best interest of the estate. In view of the whole spirit of the bankrupt law, counsel who are required to represent the trustee must expect only such remuneration as will actually compensate them for services rendered. The court will endeavor, in all these cases, to so conduct the administration of the estate as to best subserve the interest of both creditor and debtor. The allowance of $125 by the referee to Kirby & Carter is affirmed, and the referee will cause the same to be paid as a part of the expense of the administration.