## In re ROADARMOUR.

(Circuit Court of Appeals, Sixth Circuit. March 17, 1910.)

### No. 2,003.

1. APPEAL AND ERROR (§ 671*)—REVIEW—RECORD—FACTS.

Where, on a petition to review an order disallowing an attorney's claim for compensation for successfully resisting the allowance of claims against a bankrupt's estate, there was no finding of facts by the referee or judge, but the record attached to the petition for review was limited to the orders of the referee and District Court, and the opinion of the District Judge, which was based on the absence of authority to allow the claim under circumstances such as are here presented, it could not be considered on review that petitioner's employment was had only after the trustee had refused to resist the claims.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 671.*]

2. BANKRUPTCY (§ 482*)—ATTORNEY FOR CREDITORS—RESISTANCE OF CLAIMS— FEES—ALLOWANCE FROM ESTATE.

Bankr. Act July 1, 1898, c. 541, § 64b, cl. 3, 30 Stat. 563 (U. S. Comp. St. 1901, p. 3447), permits allowance of one reasonable attorney's fee for professional services actually rendered to the petitioning creditors in involuntary cases and to the bankrupt in involuntary cases while performing the duties prescribed by the act, and to the bankrupt in voluntary cases as the court may allow; and section 62, and General Order 35, par. 3 (32 C. C. A. xxxiv, 89 Fed. xiii), authorizes the trustee and receiver to employ attorneys, whose compensation is part of the expenses of the trustee or receiver. Section 64b, cl. 2, provides that, when property of the bankrupt transferred or sold shall have been recovered for the benefit of the bankrupt's estate by the efforts and at the expense of one or more creditors, the reasonable expenses of such recovery may be paid in full as a prior claim. Held, that an attorney employed by creditors to oppose claims after the appointment of a bankrupt's trustee is not entitled to compensation from the estate for his services, unless, at least, where the trustee has refused to make defense.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 482.*]

Petition to Review an Order of the District Court of the United States for the Eastern Division of the Southern District of Ohio.

In the matter of the bankruptcy proceedings of Graham, Riggs & Co. and William D. Graham. On petition of A. L. Roadarmour to review an order disallowing his claim for legal services in successfully resisting the allowance of certain claims presented against the bankrupt's estate. Affirmed.

A. L. Roadarmour, pro se.

Before SEVERENS, WARRINGTON, and KNAPPEN, Circuit Judges.

KNAPPEN, Circuit Judge. The petitioner seeks to review the action of the District Court in disallowing his claim for legal services in successfully resisting the allowance of certain claims presented against the bankrupt's estate. The record discloses that petitioner was not employed by the trustee to make such opposition, but that he was employed in that behalf by certain of the creditors of the bankrupt. It is alleged in the petition for review that petitioner's employment by

creditors was had after the trustee in bankruptcy had refused to resist the allowance of the claims in question. There is nothing in the record presented to us sustaining this allegation. No finding of facts was made, either by the referee, whose order of disallowance was reviewed by the District Judge, or by the judge. The record attached to the petition for review is limited to the order of the referee, the order of the District Court, and the opinion of the District Judge, which contains the statement that the claims defeated aggregated a considerable amount and that petitioner's services "were valuable and resulted in the disallowance of such claims." The District Judge based his disallowance of petitioner's claim upon the entire absence of authority to allow it "under circumstances such as are here presented."

Petitioner discusses the question in his brief as if the refusal of the trustee in bankruptcy to oppose the allowance of the claims in question, and petitioner's employment in consequence of such refusal, were established by the record. But such is not the case. The allegation in the petition for review filed in this court is no evidence of such fact; nor is the allegation referred to put in issue. We are confined to the record attached to the petition or sent up in connection with the proceedings to review. It is clear that upon the record presented petitioner's claim was rightly disallowed. There is no express statutory authority for the allowance asked. Section 64b, cl. 3, of the bankrupt act of 1898 (Act July 1, 1898, c. 541, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447]), permits "one reasonable attorney's fee for professional services actually rendered, irrespective of the number of attorneys employed, to the petitioning creditors in involuntary cases, to the bankrupt in involuntary cases while performing the duties herein described, and to the bankrupt in voluntary cases, as the court may allow." The trustee and receiver are allowed to employ attorneys, whose compensation is part of the expense of the trusteeship or receivership. Bankr. Act, § 62; Gen. Order No. 35, par. 3 (32 C. C. A. xxxiv, 89 Fed. xiii). See, also, In re McKenna (D. C.) 137 Fed. 611, 615.

Section 64b2 of the bankrupt act provides that when property of the bankrupt transferred or sold by him shall have been recovered for the benefit of the estate of the bankrupt by the efforts, and at the expense of one or more creditors, the reasonable expenses of such recovery may be paid in full as a prior claim. And in such case the court of bankruptcy probably has authority to make an allowance by virtue of its general equity powers. Trustees v. Greenough, 105 U. S. 527, 26 L. Ed. 1157; Receivers v. Staake, 133 Fed. 717, 66 C. C. A. 547. It is obvious that petitioner's claim is not brought within either of the express provisions above referred to.

The rule is generally recognized that a trustee in bankruptcy represents the bankrupt's estate and creditors generally in respect to opposition to claims presented after the appointment of the trustee. See In re Columbia Iron Works (D. C.) 142 Fed. 234, where this subject is discussed in an opinion by Judge Swan. In recognition of this principle it has been held that a creditor may not institute a proceeding, under section 57 of the bankrupt act, to re-examine the allowed

claims of any creditor, without the concurrence of the trustee. In re Lewensohn, 57 C. C. A. 600, 121 Fed. 538, and cases cited. It has been held by this court that, where the trustee in bankruptcy refuses to appeal from an order of the District Court allowing claims, such court may, in its discretion, allow an appeal to be taken by creditors, although the better practice is to order the trustee to appeal, or to allow the dissatisfied creditor to appeal in his name; he being in either case indemnified against liability for costs. Ohio Valley Bank Co. v. Mack, 163 Fed. 155, 89 C. C. A. 605, and cases cited in opinion.

No authorities are cited in support of a proposition that an attorney employed by creditors to oppose claims, after the appointment of a trustee, may be allowed compensation for such services, unless in a case where the trustee has improperly refused to make defense. Such a rule would open the door to a confused and disorderly practice, entirely out of harmony with the theory of the bankrupt act. We do not wish to be understood as holding that creditors may not be permitted, under proper safeguards, to defend against the allowance of claims where the trustee refuses to make defense, or that the bankruptcy court has no authority in such case, under its general equity powers, to allow compensation to attorneys employed by creditors for the purpose of such defense, as was permitted in Re Little River Lumber Co. (D. C.) 101 Fed. 558. It is enough to say that such a case is not before us.

The order of the District Court should be affirmed.