### In re MEDINA QUARRY CO.

(Circuit Court of Appeals, Second Circuit. November 13, 1911.)

#### No. 17.

1. BANKRUPTCY (§ 482*)—ATTORNEY'S FEES—AUTHORITY OF COURT TO ALLOW.

Bankr. Act July 1, 1898. c. 541, § 64b (2), 30 Stat. 563 (U. S. Comp. St. 1901, p. 3447), as amended by Act Feb. 5, 1903, c. 487, § 14, 32 Stat. 800 (U. S. Comp. St. Supp. 1909, p. 1315), authorizes a court of bankruptcy to allow the reasonable expenses of one or more creditors in involuntary cases, where through their efforts property transferred or concealed by the bankrupt is recovered for the benefit of the estate, and such allowance may include attorney's fees expended in that behalf, but neither under such provision nor its general equity powers has the court authority to make an allowance for attorney's services rendered in securing the rejection of improper claims, setting aside claimed priorities, or securing the appointment of a proper trustee.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 482.*]

2. BANKRUPTCY (§ 482*)—ATTORNEY'S FEES—ALLOWANCE TO CREDITORS.

Allowances for the services of attorneys for creditors of an involuntary bankrupt in recovering property fraudulently transferred or concealed by the bankrupt. made under authority of Bankr. Act July 1, 1898, c. 541, § 64b (2), 30 Stat. 563 (U. S. Comp. St. 1901, p. 3447), as amended by Act Feb. 5, 1903, c. 487, § 14, 32 Stat. 800 (U. S. Comp. St. Supp. 1909, p. 1315), should properly be to the creditors, and not to the attorneys themselves.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 482.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Petition to Revise Order of the District Court of the United States for the Western District of New York.

In the matter of the Medina Quarry Company, bankrupt. On petition of the Orleans Quarry Company and others to revise an order (182 Fed. 508) directing the trustee to make certain payments by way of allowances to attorneys for general creditors. Reversed.

Martin Conboy, for petitioners.

Wilber E. Haupt, Herbert T. Reed, and John J. Ryan, for respondents.

Lincoln A. Groat, pro se.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

PER CURIAM. [1] Irrespective of any general equity power, there is authority under section 64b of the bankruptcy act, as amended in 1903, to allow the reasonable expenses of one or more creditors, where property transferred or concealed by a bankrupt has been, through their efforts, recovered for the benefit of the estate. And, in our opinion, if the allowances in question cannot be sustained under this statute, they cannot be sustained under any other provision or general power. None is broader.

The property recovered in this case was that which was covered by the lease and bill of sale to the Orleans Company. The setting aside of the Kessler mortgage added nothing to the estate. It merely settled a question as to priority among creditors in distribution.

On a record concededly incomplete we must accept the finding of the District Court that the facts which were ascertained by Messrs. Houpt and Ryan in the New York examination prior to the appointment of the trustee contributed materially to the successful issue of the subsequent proceedings to set aside the lease and bill of sale. In our opinion the District Court, under the statute referred to, had the right to make allowances in payment for the services and expenses of such examination. As the District Judge says, such evidence tended to secure the recovery of property fraudulently transferred. Moreover, as we understand it, the testimony in question was actually used in the subsequent litigation which resulted in the recovery of the property, and the estate was saved thereby the expense of taking it over again, even if it had been available.

But, while this ruling would justify certain allowances to Messrs. Houpt and Ryan, it would not, as we view the record, justify us in permitting the allowances as made to stand. Evidently the District Judge, in making allowances to these attorneys, took into consideration services which were helpful in rejecting claims, setting aside claimed priorities, and in securing the appointment of a proper trustee. But it cannot be said that these were services which resulted in the recovery of any property, within the meaning of the statute, or which created any fund which would justify allowances under general equity powers. The stipulation that the allowances are reasonable compensation for the services rendered has no bearing, when it appears that only a part of the services can be allowed for. The cause must

be remanded, for making new allowances for the particular services stated.

We perceive no ground upon which the allowance to Mr. Groat can be justified. He did not recover any property for the estate, or create any fund, by "drawing papers for the examination of the bankrupt and for the appointment of a receiver, and arguments and services on such application." No receiver was appointed, and whatever effect the examination of the bankrupt may have had was altogether too remotely related to the subsequent recovery of property to justify an allowance out of the estate.

Neither do we perceive any ground upon which the allowance to Mr. Reed can be justified. His services were directed toward defeating the Kessler mortgage, and related to priorities rather than to the enhancement of the estate.

As already indicated, the record is most incomplete, and we should hesitate to reverse, without all the facts before us, were it not that we can imagine no state of facts, consistent with the statements in the opinion of the District Judge, which would call for different conclusions of law than those above stated.

[2] Technically the allowances should be made to the creditors for their expenses in employing counsel, and not to the attorneys themselves; and, while such objection, standing alone, would not warrant a reversal of the order, we think that, as this case is to be remanded, the new allowances for the services and expenses of Messrs. Houpt and Ryan should be made to the creditors whom they represent, rather than to them.

The order of the District Court is reversed, without costs, and the cause remanded for further proceedings in accordance with this opinion.