In re OTTO–JOHNSON MERCANTILE CO.
GILL v. NACHTRIEB.
No. 352.

Circuit Court of Appeals, Tenth Circuit.
April 1, 1931.

Joseph Gill, of Albuquerque, N. M., for appellant.

J. O. Seth, of Santa Fé, N. M., for appellee.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

COTTERAL, Circuit Judge.

Appellant complains of the partial disallowance by the District Court of a claim for attorney's fees and expense in connection with services rendered by him to the bankruptcy estate of Otto-Johnson Mercantile Company, formerly engaged in business at Clayton, N. M. The rejected claim was for the period while D. G. Dwyer was trustee, and appellant was not employed by him. This action is assigned as error. The remainder of the claim is not in dispute.

The question presented is whether the claim in question was a valid charge against the estate by virtue of clause 2, of section 64b of the Bankruptcy Act (11 USCA § 104 (b) (2), which allows as one of the priority debts " * * * where property of the bankrupt, transferred or concealed by him either before or after the filing of the petition, shall have been recovered for the benefit of the estate of the bankrupt by the efforts and at the expense of one or more creditors, the reasonable expenses of such recovery."

There was no dispute in the evidence as to the facts bearing on this claim. Appellant was employed by numerous creditors and advised by them of the misappropriation of assets by members of the bankrupt company.

At the same time Mr. Tatum, an attorney for Mr. Dwyer, then the trustee, suggested an investigation by appellant and asked him to undertake it. The referee favored it by his letter to appellant. Appellant went from his home at Albuquerque to Clayton, wired Mr. Douglas, an accountant, to join him there, and they made a preliminary audit of the books of the bankrupt. Tatum obtained an order to remove them to Albuquerque. Appellant assisted Douglas in finishing the audit. He filed a petition to remove the trustee, which resulted in a conference with him, his attorney and creditors, and a stipulation to dismiss the petition and authorize appellant to select a special attorney for the trustee to make investigation and prosecute suits against the Johnsons, Ottos, and a bank. Mr. Seth was selected as the attorney, after a conference with the District Judge. Appellant brought to the attention of the judge his status and his prospective compensation. He was in frequent conference with Seth, furnished him an elaborate brief, and aided him in his investigation, which revealed misappropriations of $150,000, some of which were by insolvent parties, and others were barred by limitation. Seth brought a suit against the Ottos and recovered $5,854.45 for the estate. Appellant was not employed by trustee Dwyer.

Appellant's claim was rendered for his entire services amounting to $3,022.90. They were valuable. The referee reported that his fees were reasonable and should be allowed. Seth testified his work was necessary and his charges reasonable. Dwyer's attorneys were allowed $1,400 as fees and expense of $258.37. After Dwyer's death, appellee was appointed trustee, appellant was employed by him and was paid for his services $337.50, and for expense $120.

■ From the facts it appears that the services of appellant in question were such as he would naturally render to his employers, the creditors of this estate, for the benefit that would accrue to them by way of dividends. This is emphasized by the fact that appellant was not employed by trustee Dwyer, but secured the appointment of another attorney to represent the trustee in recovering assets.

■ Section 64b should not be construed as allowing compensation to creditors who may

through their attorneys merely assist without employment a trustee in his efforts to augment an estate. It contemplates they should be paid therefor where before the appointment of a trustee they bring assets into an estate, but not after he has been appointed and employed other attorneys to represent him. Collier on Bankruptcy (13th Ed.) vol. 2, pp. 145, 147, 148; In re Floore (C. C. A.) 16 F.(2d) 113; In re Felson (D. C.) 139 F. 275; In re Medina Quarry Co. (D. C.) 182 F. 508; Id. (C. C. A.) 191 F. 815. The section is, however, broad enough to justify an allowance to creditors where the trustee has refused and they proceed to sue for the recovery of assets. In re Little River Lumber Co. (D. C.) 101 F. 558; In re Cheney (D. C.) 300 F. 465. But the trustee represents all persons concerned, and has the duty to sue and uncover assets for the estate. In re Bothe (C. C. A.) 173 F. 597.

■ Appellant invokes the rule that compensation should be allowed where an attorney of creditors creates or secures a fund and brings it into court for the benefit of all of the same class. Trustees of Internal Improv. Fund v. Greenough, 105 U. S. 527, 26 L. Ed. 1157; Hempstead v. Meadville Theological School, 286 Pa. 493, 134 A. 103, 49 A. L. R. 1149. But the rule does not apply in this case, for the reason that another attorney employed by the trustee filed and prosecuted the suit whereby the fund in question was acquired for the estate. American Engineering Co. v. Metropolitan By-Products Co. (C. C. A.) 275 F. 40; Guaranty Trust Co. of New York v. Chicago R. Co. (C. C. A.) 185 F. 411. Besides the claim of appellant appears to have been against the fund which was recovered, although it is a charge for his entire services.

■ The Bankruptcy Act in its aspects of economy cannot be regarded as generally allowing compensation to attorneys of creditors, when the trustee is functioning in their behalf and has employed other counsel to represent him. The practice would open the door to excessive liability. The result is illustrated by the charges legally allowed against this estate and the reduction it would sustain from payment of appellant's claim.

We conclude that the order of the District Judge was right and it is accordingly affirmed.