## In re POE.

District Court, S. D. New York.
Aug. 29, 1932.

Cohen & Wedeen, of New York City, for petitioning creditors.

Lester B. Freedman, of New York City, for trustee.

PATTERSON, District Judge.

This is a petition to review a referee's order on fixing an allowance to the attorneys for the petitioning creditors. The referee ruled that the attorneys were not entitled to be paid out of the estate for services rendered or disbursements incurred by them in conducting examinations under section 21a of the Bankruptcy Act (11 USCA § 44(a). No receiver was appointed in the case, and in the interval between the filing of the petition and the appointment of a trustee the attorneys for the petitioning creditors conducted several examinations under section 21a. In this connection they paid from their own pockets the sum of $68 for stenographic minutes, witnesses' fees, and compensation of the referee sitting as special master. The attorneys take the position that the referee erred in denying them compensation for such services and reimbursement for such expenses.

If the point were an open one, I would hold that the attorneys for petitioning creditors were entitled to be paid out of the bankrupt estate a reasonable compensation for services properly performed in examinations under section 21a, where no receiver is in charge of the estate and a trustee has not yet been elected. Section 64b of the act (11 USCA § 104 (b) includes as one of the costs of administration a reasonable attorney's fee for services rendered to the petitioning creditors. As I read this section, it is broad enough to cover compensation for conducting section 21a examinations. Experience tells us that prompt examinations of the bankrupts and of others familiar with their affairs are of the utmost importance to all the creditors in uncovering frauds and evasions of the Bankruptcy Act. The prompter the examination the greater the revelation of the true condition of affairs. In the interval between the filing of the petition and the election of a trustee, unfortunately often a long interval is present, there is no one in office to represent the creditors and to see to it that use is made of this effective weapon. In this hiatus, the work naturally falls on the petitioning creditors as the persons who have taken the lead in bringing the case under the operation of the Bankruptcy Act. Where there is a receiver, the situation is quite different; in such cases the receiver is the person to see to it that the bankrupt is promptly examined. But the theory of the act is that receivers may be appointed only in cases where "absolutely necessary for the preservation of estates," and the expediency of a prompt examination under section 21a does not generally make out a case of absolute necessity for installing a receiver. A receivership practically doubles the expenses of administration, and creditors who make an effort to avoid fastening this load upon the estate are to be commended rather than criticized or penalized. The withholding of compensation to attorneys for petitioning creditors for work in conducting section 21a examinations will in my opinion tend to bring about one of two results, neither of which is in the creditors' interest: Either the bankrupt and others will not be subjected to prompt examination at all, or the creditors will make every effort to have a receiver appointed in cases where otherwise the services of a receiver might be dispensed with, in order that prompt examination may be had. In the older cases it was held or at least strongly implied that attorneys for petitioning creditors who performed valuable services in the

way of preserving the estate and ascertaining its condition prior to the appointment of a receiver or trustee might look to the bankrupt estate for compensation. In re Silverman (D. C.) 97 F. 325; In re Pelson (D. C.) 139 F. 275. See, also, In re American Range & Foundry Co. (D. C.) 41 F. (2d) 845.

I cannot follow the argument that the 1926 amendment to section 64b of the act (11 USCA § 104 (b), cut down the right of attorneys for petitioning creditors to get compensation out of the estate. Prior to 1926 the section provided that the cost of administration should include "one reasonable attorney's fee, for the professional services actually rendered, irrespective of the number of attorneys employed, to the petitioning creditors in involuntary cases, to the bankrupt in involuntary cases while performing the duties herein prescribed, and to the bankrupt in voluntary cases, as the court may allow." As amended in 1926, this part of the section was changed to read "one reasonable attorney's fee, for the professional services actually rendered, irrespective of the number of attorneys employed, to the petitioning creditors in involuntary cases while performing the duties herein prescribed, and to the bankrupt in voluntary and involuntary cases, as the court may allow." It is plain that the transposition of the qualifying clause "while performing the duties herein prescribed" from its former position was inadvertent. The act prescribes many duties for bankrupts to perform; therefore there was good reason for the presence of this clause in its former place, where it pertained to professional services rendered to bankrupts. But, so far as I know, the act prescribes no duties for petitioning creditors beyond that of putting up a bond on filing the petition. The clause in its present place is therefore meaningless. Taken literally, it would bar compensation to attorneys for petitioning creditors for services in preparing and filing the petition, for the petitioning creditors are under no duty to file the petition.

But the point is not now an open one in the Second Circuit. In Re Consolidated Distributors, 298 F. 859, the Circuit Court of Appeals laid it down as a general rule that the allowance to attorneys for petitioning creditors is confined to services rendered in preparing and filing the petition and prosecuting it to adjudication. And my attention is called to In re Consolidated Factors Corporation (C. C. A.) 59 F.(2d) 193, where

it was squarely held that for conducting section 21a examinations prior to the appointment of a receiver or trustee the attorneys for petitioning creditors could not be paid out of the estate and could not be reimbursed for sums spent by them on stenographic minutes of the testimony, witnesses' fees and so on. Under the present state of the authorities, therefore, ruling of the referee was correct, and the report will be confirmed.