## In re GEM STORES CO.
### No. 3421.

District Court, E. D. Kentucky.

June 20, 1938.

Wm. J. Deupree, of Covington, Ky., for petitioning creditors.

Webster Helm, of Newport, Ky., referee.

SWINFORD, District Judge.

This matter is here on petition to review the findings of the Referee denying an allowance out of the bankrupt estate of a reasonable attorney's fee and costs of court incurred in a state court proceeding. The claims are presented on the following facts:

The creditors through their attorney sued in Campbell County Circuit Court to set aside a mortgage lien of the Ritz American Ice Cream Company on the property of the bankrupt, given to secure a claim of this company against the bankrupt. The suit was instituted after the petition in bankruptcy was filed, but before the appointment of a trustee. Subsequently, at a meeting of all creditors, Ritz American withdrew its lien claim. The action in the state court was thereupon terminated.

Petitioners contend that their action in suing to set aside the mortgage was of material benefit to the bankrupt estate. It may be conceded, without regard to question of degree, that the filing of the suit influenced the surrender of the lien.

I believe such action conferred a benefit upon the estate within the meaning of Section 64b(2) of the Bankruptcy Act, 11 U.S.C.A. § 104(b) (2). The underlying principle on which the right of compensation for such services is based is well stated in the case of In re Gillaspie, D.C., 190 F. 88, where the court said (page 89): "The whole theory upon which the bankruptcy law authorizes the allowance of fees to the attorneys for petitioning creditors is that such creditors are acting for the joint benefit of themselves and all other unsecured creditors who will, by reason of their efforts, share equally with them in the unincumbered assets of the bankrupt. It is right and just that for this reason the fund secured to common creditors should, as against such creditors equally participating in it, share the expense incurred in securing it." See, also, General Finance

Corporation v. New York State Rys. et al., D.C., 3 F.Supp. 975.

This principle is well recognized as one of general equity. Trustees v. Greenough, 105 U.S. 527, 26 L.Ed. 1157; Central Railroad, etc., Co. v. Pettus et al., 113 U.S. 116, 5 S.Ct. 387, 28 L.Ed. 915. Moreover, such an allowance is specifically provided for by the Bankruptcy Act.

In many cases analogous in principle, though not involving the precise point of the case at bar, a reasonable compensation has been allowed. Frost v. Latham & Co., C.C., 181 F. 866; In re Kenny, D.C., 269 F. 54.

In the recent case of In re Phoenix Hotel Company of Lexington, Ky., D.C., 20 F.Supp. 240, the Court said (page 242): "The mere fact that the result of the litigation turned upon the question of priority as between the general and secured creditors does not seem to alter the nature of the results attained for the benefit of the estate within the meaning of the Bankruptcy Act. The mortgage was a preferential and unlawful transfer of its estate by the bankrupt corporation in so far as it affected the rights of its general creditors, and, whether the successful action of these claimants in invalidating the unlawful preference be regarded as a 'preservation' or 'recovery' for the benefit of the estate, the conclusion seems inescapable that the services rendered are of such a nature as to be entitled to allowance and payment out of the estate within the meaning of section 64b of the Bankruptcy Act. In re Stearns Salt & Lumber Co., 225 F. 1 (C.C.A. 6)."

The opinion of the Referee denying the petitioners' claim was based primarily on the authority of the case of In re Medina Quarry Company, D.C., 182 F. 508. While it may be conceded that portions of the language used in the Medina Case when separated from the general context infer such an interpretation as that adopted by the Referee, I am of the opinion that that decision cannot be taken as controlling in the present controversy. Rather, the Medina Case merely reaffirms the well established rule that the Bankruptcy Act does not authorize compensation in the nature of attorney's fees where the services for which such compensation is claimed consist of acts done after appointment of a trustee and performed merely in aid of such trustee without real employment. The reports of the Medina Case are somewhat unsatisfactory, as pointed out by the Court of Appeals in reversing, in part, the decision of the lower court. 2 Cir., 191 F. 815. The precise point now presented was not in my opinion adequately litigated in the Medina Case so that that decision can be taken as determinative. The rule of the case is similar to the position taken in the case of In re Otto-Johnson Mercantile Co., 10 Cir., 48 F.2d 741, where the court said (page 742): "Section 64b should not be construed as allowing compensation to creditors who may through their attorneys merely assist without employment a trustee in his efforts to augment an estate. It contemplates they should be paid therefor where before the appointment of a trustee they bring assets into an estate, but not after he has been appointed and employed other attorneys to represent him." Citing among others, In re Medina Quarry Co., supra.

The costs in the State Court of $17.95 and an attorney fee of $200.00 are allowed. Orders may be drawn accordingly.