**In the Matter of IRA HAUPT & COMPANY, a Limited Partnership, Bankrupt.**

**No. 64 B 259.**

United States District Court
S. D. New York.

Nov. 21, 1967.

See also 2 Cir., 390 F.2d 251.

Seligson & Morris, New York City, for trustee.

Rosenman, Colin, Kaye, Petschek, Freund & Emil, New York City, for petitioning creditors.

Murray H. Paloger, New York City, for Kamerman & Kamerman, accountants.

MOTLEY, District Judge.

*Decision and Order on Referee's Third Report on Applications for Allowances*

This is the referee's third report on application for allowances. Kamerman and Kamerman, accountants to the debtor in possession, seeks $11,835 as a final allowance. The referee recommended no allowance. Krause, Hirsch & Gross, and Delson & Gordon, as attorneys for the debtor in possession, the bankrupt, and as special counsel to the trustee in bankruptcy, seek a final allowance of $61,162 and disbursements of $2,059.03. The referee recommended reimbursement of disbursements and, also, recommended a final allowance of $52,254. Rosenman, Colin, Kaye, Petschek, Freund & Emil, attorneys for petitioning creditors, seek an interim allowance of $200,000 and disbursements of $1,638.53. The referee recommended a final allowance of $17,-036.25 and, also, recommended reim-

bursement for costs and expenses of $1,638.53.

*Kamerman and Kamerman*

██ This firm had rendered accounting services to Ira Haupt for more than 25 years. By order of the referee, dated May 12, 1964, they were retained to prepare the Haupt 1963 Federal income tax return. The referee found, however, that a substantial portion of the services in connection with the preparation of the Haupt 1963 tax return had been performed prior to the application for the retention order and substantial fees had been paid on account of this service by the liquidator of Haupt. The referee, after a hearing upon the question, disbelieved Kamerman's explanation that the work done prior to retention was useless. He concluded that Kamerman and Kamerman had failed to show what services were rendered by them for which they have not yet been compensated, and so he recommended no allowance. This court must accept the referee's findings of fact "unless clearly erroneous". General Order in Bankruptcy No. 47. This finding of the referee is supported by evidence and so this court awards no allowance to Kamerman and Kamerman.

*Krause, Hirsch & Gross and Delson & Gordon*

██ No one appeared in opposition to this recommendation. The referee's recommendation of $52,254 as compensation for over 550 hours of partners' time and over 670 hours of associates' time seems fair and reasonable and is confirmed. The recommendation for reimbursement for disbursements is also confirmed.

*Rosenman, Colin, Kaye, Petschek, Freund & Emil*

██ This firm requests $200,000 as an interim allowance. They contend that in evaluating their services rendered, consideration should be given to the future enhancement of the estate by action taken by the trustee in bankruptcy in avoiding preferences. They base this claim on the fact that during their prosecution of the proceedings for an adjudication, and *before* a trustee was appointed, they uncovered some $15,-000,000 in preferences.

One case, In Re Medina Quarry Co., 191 F. 815 (2d Cir. 1911) is relied upon by the firm in support of their application for this interim allowance. The trustee correctly found this reliance misplaced. In *Medina*, the work of the attorneys "contributed materially" to the resolution of the subsequent proceedings, 191 F. at p. 816, and in fact, the testimony elicited by the attorneys was used in the subsequent proceedings. Ibid. That is not the case here. The referee explicitly found that the trustee in this case would have discovered the same facts discovered by Rosenman Colin during its own investigation, and the trustee informs us that the information furnished by the firm was not relied upon by him. When the facts are as the referee found, attorneys for petitioning creditors are not entitled to be paid out of the bankrupt estate for examinations conducted before the trustee is appointed. In Re Poe, 1 F.Supp. 658, 659 (S.D.N.Y.1932); see 3 Collier on Bankruptcy, 1581 (14th Ed.) (acknowledging the rule, although questioning it).

██ There is no claim in the case before us that the preferences would not have been uncovered, or would have been lost, had the attorneys for petitioning creditors not undertaken this task. Attorneys cannot, before a trustee is appointed, undertake to conduct the examination the trustee must conduct and then seek fees when and if they uncover preferences the trustee would have uncovered.

This is a warning that cannot be overemphasized. It should be heeded by all concerned: if one expects to be reimbursed for services to, and expenses on behalf of, a bankrupt estate, he should advise the court beforehand and apply for authority to lend his services and incur expenditure; other-

wise he acts at his own risk and expense. 3 Collier on Bankruptcy 1406

They (creditors) will be penalized by disallowance where they "rush in" to anticipate services incumbent on the prospective officer of the court. * * * Id. at p. 1552

A creditor who learns facts which might benefit the estate should make them available to the trustee so that he may act. In Re Eureka Upholstering Co., Inc. 48 F.2d 95 (2d Cir. 1931). If creditors undertake to do the trustee's job for him, they do it gratuitously (in the absence of court order or the trustee's failure to act). Thus Rosenman Colin is not entitled to $200,000 compensation for uncovering the preferences.

In this case, Rosenman Colin not only filed the involuntary petition for an adjudication of bankruptcy but also rendered services in achieving the dismissal of a petition by Haupt for a Chapter XI arrangement. The referee recommended allowing compensation for all these services; the trustee objects. The trustee's position is that the attorneys for petitioning creditors may be compensated only for the services necessary in the preparation and filing of an involuntary petition, unless the petition is controverted. Here, no answer was filed by the bankrupt in the involuntary proceeding.

The trustee is met by the barrier, however, that the referee found that all of the services for which compensation are sought were necessarily expended in order to prosecute the involuntary petition to an adjudication. He found that the Chapter XI proceedings were for all practical purposes the equivalent of an answer to the involuntary proceedings, and that the Chapter XI proceedings were essentially a tactical step "designed to frustrate and impede further prosecution of the involuntary bankruptcy proceedings". And see In Re Ira Haupt & Co., 234 F.Supp. 167, 170 (S.D.N.Y.1964). He further found that a dismissal of the proceedings for an arrangement were the "necessary prelude to the procurement of an adjudication". These findings are clearly supported by the evidence and thus binding upon the court. General Order in Bankruptcy No. 47. Since these services were necessary to procure an adjudication of bankruptcy, they are compensable under the Act. See Connelly v. Hancock, Door, Ryan & Shove, 195 F.2d 864, 867 (2d Cir. 1952). As stated in 3 Collier on Bankruptcy 1570:

The extent to which such steps *contributed to adjudication* is the reason for and the measure of the allowance.

Accordingly, Rosenman Colin is entitled to compensation for the time it spent for petitioning creditors. The referee recommended that a reasonable award to Rosenman Colin is $17,036.25. This firm expended over 200 hours of partners' time and almost 400 hours of associates' time in an exceedingly complex proceeding, involving formidable opposition, to secure an adjudication. At the usual hourly rates charged by the firm, this would be $23,479.38. After considering the relevant factors in determining the size of the award; see, for example, In Re Yuba Consolidated Industries, Inc., 260 F.Supp. 930, 937, et seq. (N.D.Calif.1966); Jacobwitz v. Double Seven Corp., 378 F.2d 405 (9th Cir. 1967); we believe the referee's award was inadequate. We conclude that, under the circumstances of this case, a reasonable attorneys' fee for the petitioning creditors is $23,479.38. They are, therefore, awarded that amount, as a final allowance, together with costs and expenses in the sum of $1,638.53.

So ordered.