**In the Matter of Antonio DEL GROSSO, Debtor.**

No. 90 C 7265.

United States District Court, N.D. Illinois, E.D.

June 12, 1991.

Michael Raymond Collins, Harold E. Collins, Collins & Collins, Chicago, Ill., for appellants.

William S. Hill, William S. Hill, Ltd., Lansing, Ill., Jack W. Lund, Gary, Ind., for appellees.

John V. Del Gaudio, Edward P. Freud, Ruff, Weidenaar & Reidy, Ltd., Chicago, Ill., for debtor.

Martin F. Hauselman, Liebling & Hauselman, Joseph J. Duffy, Eugene J. Geekie, Schiff, Hardin & Waite, Harry Stuart Miller, Law Office of Harry S. Miller, Chicago, Ill., for trust.

## MEMORANDUM AND ORDER

MORAN, Chief Judge.

An attorney undertook to represent a client in a personal injury case on a contingent fee basis, and a law firm with whom he shared offices did almost all the work, as the client apparently understood it would be done. The client filed for bankruptcy before the litigation was settled, and after almost all the work was done. The trustee obtained approval for the attorney and the law firm to continue to prosecute the claim. The lawsuit was thereafter settled for $125,000. When the attorney and the law firm sought to be paid, two unsecured creditors objected to payment of fees and expenses, contending that the lawyers had failed to perfect a statutory lien and had, by their failure to get a written consent for the firm to do the work, violated standards of professional ethics. The trustee, who had, after all, approved the lawyers' continued representation, did not contest the fees and expenses. The objectors maintained their position, however, and they prevailed. The Bankruptcy Court concluded that state law requires lawyers to turn square corners to preserve their right to a lien and these lawyers, through oversight, had not done so. They had done the work and obtained the settlement, and they were entitled to the status of unsecured creditors for the contingency amount. 111 B.R. 178. They were not entitled, however, to a priority and, therefore, in excess of $41,000, which would otherwise have been disbursed to them, was available to the bankrupt estate.

The objectors' attorneys then petitioned for $3,593.75 for fees for their efforts in defeating the liens. Two unsecured creditors objected to *those* fees and the Bankruptcy Court sustained that objection as well. This appeal, relating solely to the $3,593.75 fee petition, followed.

This is one of those rare occasions when we disagree with the Bankruptcy Court.

The objectors had nothing to do with recovery of the $125,000. Their attorneys were apparently mistaken about the status of one case. They prevailed, however, in their objections to the priority disbursement of over $41,000, thus preserving that amount for the estate. The attorneys' right to compensation derives from 11 U.S.C. § 503(b)(4) (1988), and that provision is dependent upon 11 U.S.C. § 503(b)(3) (1988). Compensation, under the latter provision, requires that the creditor has recovered "after the court's approval, for the benefit of the estate any property transferred or concealed by the debtor." There is no dispute that the trustee was reluctant to proceed, that the creditor was authorized to go forward, and that in excess of $40,000 that would have otherwise been disbursed to the debtor's attorneys was preserved for the estate. But is the defeat of a secured claim a recovery of transferred property? The Bankruptcy Court thought not, believing that a recovery of fresh money was necessary. We disagree.

There is authority for either view. Compare *In re Medina Quarry Co.*, 191 F. 815 (2d Cir.1911) and *In re Monahan*, 73 B.R. 543 (Bkrtcy.S.D.Fla.1987) with *In re George*, 23 B.R. 686 (Bkrtcy.S.D. Fla.1982) and *In re Little River Lumber Co.*, 101 F. 558 (W.D.Ark.1900). We think, however, following the old adage that a penny saved is the same as a penny earned, that the better view and the one more in keeping with the purposes and policy of § 503 is that setting aside a lien is a recovery of property previously transferred. *See In re Gem Stores Co.*, 23 F.Supp. 779 (E.D.Ky. 1938). The order denying fees is reversed.