(No. 24798.—

BENJAMIN KAPE, Appellant, *vs.* THE HOME BANK & TRUST COMPANY *et al.*—(NELSON K. REESE, Appellee.)

*Opinion filed December 15, 1938.*

GOLD & LIEBMAN, and LEO WAXMAN, (CHARLES LIEBMAN, and NATHAN WOLFBERG, of counsel,) for appellant.

Mr. JUSTICE FARTHING delivered the opinion of the court:

On January 10, 1936, the superior court of Cook county entered a decree for $11,000 against appellee, Nelson K. Reese, on account of his liability as a stockholder in the Home Bank & Trust Company, an insolvent State banking institution. The decree was entered in a representative suit brought by appellant, Benjamin Kape, on behalf of himself and all other creditors of the bank. On February 26, 1937, appellee filed a petition asking for an order permanently restraining the issuance of execution on the judgment against him because he had been discharged in bankruptcy. The order was entered as prayed after appellant's amended motion to strike the petition was heard and denied,

and this appeal has been perfected directly to this court since a constitutional question is involved.

Appellee's petition alleged that he filed a voluntary petition in bankruptcy on July 3, 1936, in which he scheduled the judgment for his liability as a stockholder and named appellant and the receiver in the representative suit, as creditors. An order of adjudication was entered on July 7, 1936, and on February 15, 1937, he was discharged from all of his provable debts.

Appellant contends that if the discharge in bankruptcy be construed to include appellee's liability as a stockholder under section 6 of article 11 of the 1870 constitution, the Federal Bankruptcy act would thus contravene the ninth and tenth amendments to the constitution of the United States. The ninth amendment provides: "The enumeration in the constitution of certain rights shall not be construed to deny or disparage others retained by the people." The tenth amendment provides: "The powers not delegated to the United States by the constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." But section 8 of article 1 delegates to Congress the power to establish uniform laws on the subject of bankruptcies throughout the United States. The substance of appellant's contention is that the public policy of this State requires that bank stockholders' liability shall be discharged only by payment, and that Congress, in enacting the Bankruptcy law, did not intend to conflict with this established policy of the State. We know of no policy which prevents a judgment for bank stockholder's liability from being provable and dischargeable in bankruptcy. Once it is reduced to judgment, it is like any other judgment on a claim in *quasi*-contract. In *Brown* v. *O'Keefe,* 300 U. S. 598, 57 Sup. Ct. 543, the Supreme Court of the United States held that the liability of a stockholder in a national bank, even though created by statute, was a liability imposed *quasi*-contractually and was discharged in bankruptcy.

There is no difference in principle between that case and the one at bar. It is immaterial that in one the liability is imposed by statute, and in the other by the constitution. The *quasi*-contractual nature of the obligation is not thereby affected. Congress is given broad power over bankruptcies and nothing in the ninth and tenth amendments to the constitution of the United States purports to limit the power already delegated.

Appellant calls attention to the various kinds of obligations which, by section 17 of the Bankruptcy act, (U. S. C. A. title 11, sec. 35,) are specifically excepted from the operation of a discharge in bankruptcy. Such an obligation as that before us, viz., the liability of a stockholder in an insolvent State bank, is not within any of these exceptions.

Appellant contends that the discharge was not effective against creditors other than himself, because they had no notice of the bankruptcy proceedings. However, appellant had notice, and the notice of appeal shows that he has appealed individually and not in his representative capacity. He is not concerned with the rights of non-appealing creditors.

Notice was given to the appellant, as we have pointed out, and to the receiver appointed in the representative suit to collect the amounts found due from the respective stockholders. After that suit was begun no individual creditor could sue the appellee in a separate action at law, (*Leonard* v. *Bye*, 361 Ill. 185,) and after the decree was rendered the appellee could have discharged his debt by payment in conformity with the terms of the decree. The notice to the complainant in the representative suit who represented all the bank's creditors, and to the receiver appointed to collect, was sufficient.

The order of the superior court is correct, and it is affirmed.

*Order affirmed.*