**In re HUTCHINS.**

No. 25898.

District Court, N. D. Georgia, Atlanta Division.

Feb. 8, 1941.

W. C. Cantrell, of Atlanta, Ga., for bankrupt.

Max F. Goldstein, Powell, Goldstein, Frazer & Murphy, Carl D. Levy, Walter

S. Dillon, and Richard H. Peters, all of Atlanta, Ga., for creditors.

UNDERWOOD, District Judge.

The petition in above matter for review of order of the Referee denying petitioner's petition to allow a fee to attorneys for creditors whose objections to the bankrupt's homestead exemption were sustained and exemption denied, came on regularly for hearing and was duly heard both orally and by brief.

The certificate of the Referee discloses most careful and thorough examination of the question and makes comment in this order on the authorities and findings unnecessary. The Referee denied the petition both on the ground that the expenses incurred by petitioners are not such as are entitled to priority, and on the ground that it would be a harmful practice in bankruptcy proceedings.

■■■ The Act does not expressly provide for the payment of such expenses as priority debts. Only such debts as are designated in Section 64 of the Act, 11 U.S.C.A. § 104, are so payable.

■■ The Circuit Court of Appeals of this Circuit, in the case of In re First Bond & Mortgage Co., 74 F.2d 930, 932, say, in considering the payments authorized by Section 64, that, "In these carefully worded allowances to petitioning creditors there is implied an exclusion of other allowances to them. The present Bankruptcy Act [11 U.S.C.A. § 1 et seq.] plainly endeavors to restrict allowances from the bankrupt estate. In re Realty Associates Securities Corporation [2 Cir.], 69 F.(2d) 41; In re Kinnane Co.'s Estate [6 Cir.], 242 F. 769. Its permissions are not to be stretched."

In the light of the decisions cited by the Referee and others which have been considered by this Court, I approve the findings of the Referee, and

It is ordered by the Court that the said order of R. Emerson Gardner, Referee, entered on January 14, 1941, disallowing petitioner's application for reimbursement of expenses as prayed, is hereby approved and confirmed.

It is further ordered by the Court that the record in said proceeding be forthwith returned to said Referee for proper action not inconsistent with this order.