**COX v. ELLIOTT et al.**

**In re CALHOUN BEACH CLUB HOLDING CO., Inc.**

**No. 11971.**

Circuit Court of Appeals, Eighth Circuit.

Oct. 13, 1941.

Benedict Deinard, of Minneapolis, Minn. (Oscar A. Brecke, of Minneapolis, Minn., on the brief), for appellant.

J. Kentner Elliott, of Chicago, Ill., and Seth Lundquist, of Minneapolis, Minn., pro se.

Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal by the trustee from an order of the district court affirming an order of the referee in bankruptcy which allowed appellees an attorney fee in the sum of $843.78.

The question for decision is whether under the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., attorneys for creditors, not employed by the trustee nor authorized by the court, may be allowed fees to be paid out of the estate for services which benefit the creditors but do not augment the funds in the hands of the trustee. If so, there are the further questions of whether the allowance is proper in this case and whether it is excessive.

The fees in dispute were allowed by the referee for services rendered in a proceeding instituted by certain creditors (1) to remove the trustee and his counsel and (2) to disallow counsel fees of his attorneys. Fees aggregating $11,750 had been allowed the trustee's attorneys by a former referee. The litigation instituted by the creditors

852

was carried on in the courts for approximately two years with the result that the petition to remove the trustee and his counsel was denied, but all fees for the trustee's attorneys were disallowed on the sole ground of non-compliance with General Order 44, 11 U.S.C.A. following section 53, and Rule 10 of the district court. After compliance with the order and rule, the court upon application made an allowance to the trustee's attorneys in the amount of $7,950.47. The claim of appellees to fees is based on the contention that the proceedings brought by the creditors resulted in a saving to the estate in attorney fees of the difference between the original allowance of $11,750 and $7,950.47, or $3,799.53.

The referee found that "No assets were brought into this estate through petitioners' [appellees'] efforts, and the only basis for an allowance to them is the fact that a net saving accrued to the estate as a result of the proceedings brought by them."

▮▮ It is conceded that the Bankruptcy Act makes no provision for the payment of counsel fees in ordinary bankruptcy proceedings to attorneys for creditors; but appellees contend, and the referee found, that the court "has inherent equitable power, in the absence of specific statutory authorization or inhibition to make an allowance out of the estate under the given circumstances." We do not think so. "The Bankruptcy Act carefully regulates the compensation and expenses which may be allowed in bankruptcy." In re Realty Associates Securities Corporation, 2 Cir., 69 F.2d 41, 42. In the carefully worded allowances provided for in the Act "there is implied an exclusion of other allowances. * * * The present Bankruptcy Act plainly endeavors to restrict allowances from the bankrupt estate." In re First Bond & Mortgage Co., 5 Cir., 74 F.2d 930, 932. See also In re Consolidated Distributors, Inc., 2 Cir., 298 F. 859, 863; In re Roadarmour, 6 Cir., 177 F. 379, 380; In re Consolidated Factors Corporation, 2 Cir., 59 F.2d 193, 194; In re Owl Drug Co., D.C.Nev., 16 F.Supp. 139; In re Floore, 5 Cir., 16 F.2d 113; In re Morse & Tyson v. Irving-Pitt Mfg. Co., 8 Cir., 18 F.2d 692; In re Felson, D.C.N.Y., 139 F. 275; Remington on Bankruptcy, 4th Ed., vol. 6, §§ 2692 and 2702.

This is not a case in which a creditor first procures an order of court authorizing him to institute a proceeding for the benefit of the estate, and we have no occasion to consider such a situation. The power of the bankruptcy court as a court of equity was not properly invoked. See Ohio Valley Bank Co. v. Mack, 6 Cir., 163 F. 155, 24 L.R.A.,N.S., 184; In re Eureka Upholstering Co., 2 Cir., 48 F.2d 95; In re Medina Quarry Co., 2 Cir., 191 F. 815, 816; In re Otto-Johnson Mercantile Co., 10 Cir., 48 F.2d 741, 742; Mitchell v. Whitman et al., 8 Cir., 94 F.2d 917, 919.

The wisdom of the statute and of the rules limiting and restricting compensation and fees in ordinary bankruptcy proceedings is apparent. Were it the law that creditors who voluntarily perform acts which prove to be beneficial to the estate should or must be allowed compensation, courts of bankruptcy would be confronted in many instances with numerous claims for compensation for "voluntary" assistance. In re Owl Drug Co., D.C.Nev., 16 F. Supp. 139, 148. The referee should have denied the application for an allowance under the circumstances of this case.

The order appealed from is accordingly reversed.