### In re JOSLYN.
### No. 62732.

United States District Court
N. D. Illinois, E. D.

Nov. 8, 1951.

Alvin G. Hubbard and Hubbard, Hubbard & Dorgan, Chicago, Ill., for George R. Joslyn, Bankrupt.

Horace A. Young, Chicago, Ill., Trustee, pro se.

Edward J. Metzdorf, Chicago, Ill., for Wade Fetzer, Jr., and others.

Joseph A. Conerty and Robert McClory (of Daily, Dines, Ross & O'Keefe), Chicago, Ill., for the Joslyn trustees.

Thomas Hart Fisher, Norman Crawford and John S. Miller, Chicago, Ill., for Benevolent & Protective Order of Elks.

Lommen D. Eley, Chicago, Ill., for Armin F. Hillmer.

IGOE, District Judge.

This voluntary bankruptcy proceeding, filed originally on February 27, 1936, and in which an order of discharge was entered on June 29, 1936, was reopened on May 20, 1946. Thereafter, in addition to other proceedings, two plenary suits were filed in this District Court by the Bankruptcy Trustee, entitled Young v. Handwork, et al., No. 46 C 2082, and Young v. First Na-

---

1. No opinion for publication.

tional Bank of Chicago, D. C., 85 F.Supp. 68. In these suits the Bankruptcy Trustee sought to recover for the bankruptcy estate the interest of the bankrupt in two certain trusts created by his father and mother in the year 1935. These plenary suits have been resisted on the ground that the trust interests were not subject to bankruptcy administration. The complaints of the Bankruptcy Trustee in both of the plenary suits were ordered dismissed in the District Court on defendants' motions. The Court of Appeals reversed the order entered in Young v. Handwork et al., 7 Cir., 179 F.2d 70, and remanded the cause for further proceedings in the District Court. The case of Young v. The First National Bank of Chicago is still pending in the Court of Appeals as Cause No. 10035-6.

Except for claims that have been paid or waived, it appears that the only claim against the bankruptcy estate was for a certain stockholder's liability of the bankrupt with respect to 1142 shares of stock of the Chicago Bank of Commerce, having a par value of $50 per share and upon which the bankrupt had a stockholder's liability of $57,100.

Several attempts were made to settle the claim of the Bankruptcy Trustee against the trust interests for amounts less than the total amount of this claim against the bankruptcy estate. The last such proposed settlement, in the amount of $45,000 plus costs and expenses of the proceeding, was disapproved by the Honorable Elwyn R. Shaw, Judge of this Court, on the ground that the trust interests were not subject to administration in bankruptcy and that "it would be contrary to the public interest to approve the proposed compromise settlement." The Court of Appeals, in an appeal from Judge Shaw's order, In re Joslyn's Estate, 7 Cir., 171 F.2d 159, rendered an opinion on December 3, 1948, which said in part at page 165: "In what manner the public interest would have been affected by an approval of the compromise we are unable to discern. After all, it was proposed by the bankrupt for the purpose of terminating this protracted litigation, and we think such an objective would have been favorable rather than contrary to the public interest."

On June 30, 1950, the bankrupt filed a petition in this bankruptcy proceeding in which he prayed for the entry of an order directing that his liability as a stockholder of the Chicago Bank of Commerce be determined, and directing that all persons claiming fees shall file their petitions therefor within a period to be fixed by the Court. In his petition, the bankrupt represented to the Court that he was able to pay all claims which were provable against his estate. He sought a judicial determination of such claims, and asked that the costs, fees and expenses assessable against the bankruptcy estate be determined and that he be permitted to pay the same.

The Bankruptcy Trustee filed his answer to this petition. In addition, Wade Fetzer, Jr., and certain other parties claiming an interest in any amount recovered on behalf of the depositors of the Chicago Bank of Commerce, were granted leave to and did thereafter file their intervening petition. The Bankrupt's petition, the answer thereto, the intervening petition and other pleadings were referred to Referee Austin Hall for hearing and report.

The Referee heard evidence and considered briefs filed by all parties, and thereafter in a voluminous and well-considered report recommended that the prayer of the petition of the bankrupt be granted.

Since the only claim against the bankruptcy estate is one for a bank stockholder's liability, and since an action respecting that stockholder's liability is pending in the Superior Court of Cook County in the case of Hillmer et al. v. Chicago Bank of Commerce, No. 560305, the Referee recommended in his report dated March 16, 1951 that the amount of that claim be determined by the Superior Court, and that thereafter the claim as determined by the Superior Court should be filed, allowed, and paid in this proceeding. As pointed out by the Referee: "* * * to hear the evidence in the instant proceeding on the questions of which of the bank's creditors are also creditors of the bankrupt herein, and how much of the bank's debts accruing in the period

of the bankrupt's ownership of stock from February 10, 1932 to June 25, 1932, remain unpaid, would mean that this court would have to hear and determine virtually all of the issues that have already been tried in the representative creditors' suit No. 560305 * * *."

After briefs were filed and the cause taken under advisement by this court, a petition was filed on July 12, 1951 in the Superior Court case by Marcellus L. Joslyn, father of the bankrupt, offering to pay the bankrupt's full stockholder's liability of $57,100, provided the Superior Court would determine the stockholder's liability and enter its judgment. As a result of that action, judgment for $57,100 was entered on July 18, 1951 against the bankrupt, which was thereafter paid by Marcellus L. Joslyn to Luke F. Cunniff, the Receiver appointed in the Superior Court case. Satisfaction of judgment was given and filed in the Superior Court case, and a release of liability was executed and delivered by the Receiver, Luke F. Cunniff.

Following this action, the bankrupt filed a motion in this court for summary judgment setting forth the proceedings taken in the Superior Court resulting in a payment of his stockholder's liability and a satisfaction and release of the stockholder's liability claim. Certified copies of the Superior Court orders and of the release were filed in support of the motion for summary judgment.

Other matters, including a motion to remove the Bankruptcy Trustee, were filed in this cause, which need not be passed upon at the present time in order to dispose of this bankruptcy case and the other litigation which has grown out of it.

█ There is no conceivable objection to the payment in full of a bankrupt's creditors.

The payment, satisfaction and release of the stockholder's liability claim and the disclaimer of Marcellus L. Joslyn and Dr. Ralph C. Hamill leave this court with a bankruptcy case without creditors or claimants and with no justifiable reason for holding open this case except for the allowance and payment of claims for fees and expenses. Although the creditors of the bank may not have received payment in full of their claims as depositors of the defunct bank, the bankrupt's liability to them was limited to the sum of $57,100 and was extinguished by the payment of that sum.

The Bankruptcy Trustee suggests that instead of such a simple and equitable method of disposing of this case, there should have been a full accounting in this court between the stockholders and the creditors of the Chicago Bank of Commerce, and that the creditors of that bank, numbering more than 13,000, should be notified of the pendency of this proceeding, and that claims should be determined and allowed only as to those creditors of that bank who might file their claims in this court.

█ It strikes this court that it would be unreasonable and improper to require notice to be given to the more than 13,000 depositors and other creditors of Chicago Bank of Commerce and to permit the filing and determination of such claims in this proceeding. Such depositors and other creditors of the defunct bank, including the Benevolent and Protective Order of Elks and the six or seven other depositors which filed individual claim in this proceeding, filed their claims many years ago with the State Auditor of Public Accounts, and have received distributions of dividends as members of the class of creditors represented by Hillmer et al. in the Superior Court case No. 560305. Nor is there anything in the State or Federal law which would require notice by a bankrupt to each of the individual depositors of a closed bank in connection with such a claim.

In the case of Kape v. Home Bank & Trust Co., 370 Ill. 170, 172, 18 N.E.2d 170, notice to the creditor representing the plaintiff in the bank stockholder's liability action, and to the Receiver appointed to receive bank stockholder liability payments, constituted sufficient notice to sustain a discharge in bankruptcy.

The plaintiffs representing the creditors in the class suit to collect stockholder's liability in the case of Hillmer et al. v. Chicago Bank of Commerce, pending in the Superior Court of Cook County as Case No. 560305, have received notice of this

proceeding, have appeared in this court by counsel, and have filed a claim for the full amount of the stockholder's liability for which it is claimed that the bankrupt was liable. The stockholder's liability judgment in the Superior Court was satisfied by an order entered on July 18, 1951. In addition, Luke F. Cunniff, the present Receiver to receive bank stockholder's liability payments, has appeared in this proceeding and testified before the Referee. Following payment of the stockholder's liability judgment in the Superior Court case, he executed and delivered his release of the claim.

As pointed out by the Referee in his report, if this bankruptcy Court were to assume the full responsibility for determining the bank stockholder's liability of the bankrupt, and the pro rata distribution of it among the bank's 13,000 depositors, this Court would have been required to duplicate a great deal of the State Court's detailed accounting in connection with determining the stockholder's liability of the bankrupt, the amount of the claims of each of the depositors and their pro rata claims against the estate.

I do not find that there is anything in this ruling which conflicts with Brown v. O'Keefe, 300 U.S. 598, 57 S.Ct. 543, 81 L. Ed. 827.

The question of whether Wade Fetzer, Jr., et al., as intervening petitioners, are entitled to recover amounts paid on behalf of the bankrupt's stockholder's liability is likewise one which the State Court should determine. The Referee in his report also found that this would involve relitigation of questions already passed upon by the State Court.

■ The Bankruptcy Trustee's statement that there might be claims against the bankrupt other than the bank stockholder's liability claim is without merit. The record in this case shows that notice was given to all other creditors listed in the original schedules in March 1936, and notice was given again to all of the other creditors listed in the amended schedules in May, 1946. No other persons have filed claims, and the Bankruptcy Trustee's concern over the claims of Marcellus L. Joslyn and Dr. Ralph C. Hamill is specious. As previously stated, disclaimers have been filed by both of the parties.

It is suggested by the Bankruptcy Trustee that an equitable lien claim might be filed on behalf of Thomas Hart Fisher, but I fail to see how such a claim would possibly affect a settlement of this proceeding. Obviously, the alleged claim of Fisher arose long subsequent to the date of the original bankruptcy to which this entire proceeding relates. Furthermore, it is clear that Fisher's lien claim has been asserted exclusive of the jurisdiction of this Court; and there appears to be no occasion for litigating or re-litigating this same matter in this cause, or preventing settlement of this proceeding on the basis of such alleged claim to an equitable lien. In this connection, this Court's attention has been called to the case of Joslyn v. Joslyn, 337 Ill.App. 443, 86 N.E. 2d 367, where the basis for Fisher's alleged lien claim was shown to consist of two assignments of alimony from his client, Charlotte C. Joslyn, the former wife of the bankrupt, said assignments being dated August 12, 1940 and April 8, 1941, respectively.

Fisher's claim for attorney's fees, which the Bankruptcy Trustee states may be filed in this cause, was adjudicated adversely to Fisher in the Illinois Appellate Court case, and there has been no reversal of that ruling. It was there held, 337 Ill.App. at page 477, 86 N.E.2d 383: "This case presents flagrant abuses by Fisher of court processes, primarily in his own interest. He has been fully reimbursed for expenses and suit money. In the light of his conduct, he should not be awarded any fees."

There are funds on deposit in the First National Bank of Chicago in the account of Bently S. Handwork, Philip W. Lotz, and Ralph C. Boozer, Trustees of the two Joslyn trusts, sufficient to pay all claims for fees and expenses which might be filed and proved herein. Subject to appropriate orders being entered herein, the Bank and the Joslyn Trustees have agreed to authorize the payment of such amounts as might be necessary to fully discharge all of said claims for the fees and expenses incurred in this proceeding, including attorney's fees and the fees of the Bankruptcy Trustee.

The restraining orders which have prevented distribution of income from these trusts should be dissolved upon adequate provision being made to pay such costs, fees and expenses.

Sections 27 and 47, sub. a(1) of the Bankruptcy Act, 11 U.S.C.A. §§ 50, 75, as well as the admonition of the Court of Appeals of this Circuit in the prior appeal reported in 171 F.2d 159, constitute full warrant for this Court to grant the relief prayed for in the bankrupt's petition and motion in order to dispose of this bankruptcy proceeding. The payment of all claims of the bankrupt in full, as well as the fees and expenses allowed and to be allowed by this Court, is a disposition of this protracted litigation to which valid objection cannot be made.

Findings of fact, conclusions of law and appropriate orders will be entered in accordance with this opinion.