**In the Matter of George R. JOSLYN, Bankrupt.**

**George Edward LEONARD and Gordon Leonard, Appellants,**

v.

**George R. JOSLYN, Appellee.**

**No. 11294.**

United States Court of Appeals
Seventh Circuit.

June 23, 1955.

Lommen D. Eley, Chicago, Ill., George Edward Leonard, Jr., Chicago, Ill., of counsel, for appellant.

Alvin G. Hubbard, Chicago, Ill., Hubbard, Hubbard & Dorgan, Chicago, Ill., of counsel, for appellee.

Before MAJOR, FINNEGAN and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

This appeal is from the denial of appellants' petition for attorneys' fees in a bankruptcy proceeding. The petitioners were attorneys for Armin F. Hillmer, a creditor in the bankruptcy case. In order to determine appellants' right to recover legal fees from the bankruptcy estate we must look a bit into the background of their claim.

In 1932 the Chicago Bank of Commerce became insolvent and was forced to suspend business. Under Illinois law the appellants as attorneys filed an action on behalf of Hillmer and other creditors against the Bank and its shareholders, including Joslyn. This suit was filed in the Superior Court of Cook County, Illinois. In 1936 Joslyn filed a voluntary petition in bankruptcy. His schedule revealed no assets of value. The case was accordingly closed as a no-asset case and a routine discharge in bankruptcy was granted. Joslyn pleaded this discharge as a defense to Hillmer's claim against him in the state court.

Sometime later it was discovered that Joslyn had concealed assets at the time of his discharge in bankruptcy. One of his creditors, not represented by the attorneys here involved, petitioned to reopen the Joslyn bankruptcy proceeding. The case was opened and the estate was then found to be solvent. All of Joslyn's debts were finally settled and the bankruptcy case, with the exception of claims for fees and expenses, was accordingly closed. In re Joslyn, 102 F.Supp. 521, affirmed 7 Cir., 198 F.2d 673.

Appellants claim the right to recover their fees from the bankruptcy estate under Section 64, sub. a of the Bankruptcy Act. 11 U.S.C.A. § 104 sub. a(1). This section contains only two provisions which could possibly be applicable. One provides for the payment of " * * * one reasonable attorney's fee, for the professional services actually rendered * * * *to the petitioning creditors* in

involuntary cases * * *." (Emphasis added.) But, as found by the referee, appellants do not qualify under this provision because their client was not a petitioning creditor. In re J. A. Rudy & Sons, D.C., 30 F.Supp. 8.

The other provision of Section 64, sub. a, under which petitioners claim the right to recover fees, provides that " * * * where property of the bankrupt, transferred or concealed by him either before or after the filing of the petition, shall have been recovered for the benefit of the estate of the bankrupt by the efforts and at the cost and expense of one or more creditors, [they shall be paid out of the estate] the reasonable costs and expenses of such recovery * * *." 11 U.S.C.A. § 104, sub. a(1).

Petitioners do not even allege that they were responsible for discovering the assets that Joslyn had concealed at the time of his original discharge in bankruptcy, or that they were responsible for reopening the bankruptcy proceeding after the assets were discovered. The claim made by petitioners is that they helped produce a solvent estate by: (1) opposing a disadvantageous settlement, (2) successfully perfecting an appeal when the case was dismissed after reopening, and (3) suggesting the method selected for administering the estate. None of these services falls within the provision of the Act upon which petitioners must rely. Section 64, sub. a, speaks only of creditors who recover funds transferred or concealed by the bankrupt. That had already been done, presumably by the petitioning creditor, before appellants performed any service in connection with the reopened proceeding.

Attorneys may collect their fees from the bankrupt estate only as specifically provided by the Act. Levin v. Barker, 8 Cir., 122 F.2d 969, 973; Cox v. Elliott, 8 Cir., 122 F.2d 851, 852. The Act does not provide that attorneys for non-petitioning creditors may recover from the estate for the services rendered by appellants. See In re Hutchins, D.C.,

36 F.Supp. 895, where the court denied a petition for fees to a creditor's attorney who had successfully challenged the bankrupt's homestead exemption—an activity which admittedly increased the amount of the estate.

Appellants argue that because the estate is now completely solvent, the ordinary rules of bankruptcy should not apply. We are not enlightened as to what rule should apply, but it is presumably one that would allow the appellants to recover. The point is not made, but petitioners apparently feel that, since all debts are satisfied, there is no reason to preserve the estate for the creditors and, therefore, they should be paid fees not ordinarily recoverable. Attorneys' fees are not considered as part of the "costs" of litigation; attorneys are paid by their clients—win or lose. It is only where the payment of attorney's fees to the attorney for the adverse party is provided for by contract or statute that they may be recovered. If appellants here are to recover their fees from the bankruptcy estate, they may do so only under the bankruptcy law and rules. When, as here, they do not apply, appellants have no basis for their claim to payment from the estate.

The fact that the estate is solvent might affect the amount of a fee to be allowed, but it could not create a right to a fee for which the law did not provide.

For administrative reasons Congress has wisely provided that the trustee shall have sole responsibility for administering the estate. The courts have therefore held that a creditor may be paid the cost of recovering hidden assets only when he has acted before a trustee is appointed or after the trustee, having been told of the hidden assets, has refused to take action. In re Otto-Johnson Merchantile Co., 10 Cir., 48 F.2d 741; In re Eureka Upholstering Co., 2 Cir., 48 F. 2d 95. The services for which petitioners seek compensation were performed after a trustee had been appointed. The only action taken by the petitioners in oppo-

sition to the trustee was to urge a different means of distributing the estate. This effort by the appellants had nothing to do with bringing the concealed assets into the estate.

In view of our disposition of the above questions we find it unnecessary to consider (1) the effect of the consent decree of July 18, 1951, which the appellee contends discharged all claims by Hillmer against Joslyn, (2) the failure of appellants to timely file objections to the report of the special master, and (3) the alleged failure of appellants to comply with Section 62 of the Bankruptcy Act, 11 U.S.C.A. § 102, sub. d.

The decision of the District Court is Affirmed.