904

In the Matter of J. J. KIMBLE,
Bankrupt Debtor.
No. 46274.

United States District Court
N. D. California, S. D.
July 10, 1958.

Brobeck, Phleger & Harrison, San Francisco, Cal., for petitioning creditor.

Stanley M. McLeod, San Francisco, Cal., for trustee.

HARRIS, District Judge.

Petitioner American Trust Company seeks reimbursement under Section 64, sub. a(3) of the Bankruptcy Act (11 U.S.C.A. § 104, sub. a(3)) for its services rendered in blocking the bankrupt's discharge.

Petitioner, through its own attorneys, established to the satisfaction of the Referee in Bankruptcy, that the bankrupt had perpetrated a fraud in connection with certain loans made to him by petitioner. Under these circumstances the bankrupt was not entitled to his discharge and the Referee so held.

In 1938, Section 64, sub. a(3) of the Bankruptcy Act was amended to read as follows:

"(a) The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of payment, shall be * * *

"(3) where the confirmation of an arrangement or wage-earner plan or the bankrupt's discharge has been refused, revoked, or set aside upon the objection and through the efforts and at the cost and expense of one or more creditors, or, where through the efforts and at the cost and expense of one or more creditors, evidence shall have been adduced resulting in the conviction of any person of an offense under chapter 9 of Title 18, the reasonable costs and expenses of such creditors in obtaining such refusal, revocation, or setting aside, or in adducing such evidence * * *".

Petitioner contends that under the language of this section, the Court is authorized to award costs and attorney fees to it for the role it played in resisting the discharge of bankrupt. Although no case has construed the 1938 amendment under circumstances similar to those before the Court, text writers on the subject have stated views which are in accord with the position taken by petitioner. 6 Remington on Bankruptcy (5th Ed.) Section 2725, 3 Collier on Bankruptcy, Sec. 64,303 (14th Ed.).

A subsidiary point raised in the petition is the amount of the attorney fees

to be awarded. Petitioner asks $750 for services consisting of investigation of the bankrupt's financial affairs, preparation of a complaint and an amended complaint in the bankruptcy proceeding, legal research, and appearances before the Referee in Bankruptcy. The trustee himself does not question the reasonableness of the amount requested, although he states that a lesser sum would have been requested by him if he had performed the same services for the creditor. The Referee has stated that he would have allowed a maximum of $250 to the trustee had he represented the same creditor in opposing the bankrupt's discharge. However, the Referee did not consider the question of *reasonableness* since he took the view that as a matter of law he was not authorized to award any compensation to petitioner for services performed in connection with the opposition to the discharge.

In denying the requested amount to petitioner, the Referee cited In re Joslyn, 7 Cir., 224 F.2d 223, at page 225, and quoted certain language:

"For administrative reasons Congress has wisely provided that the trustee shall have sole responsibility for administering the estate. The courts have therefore held that a creditor may be paid the cost of recovering hidden assets only when he has acted before a trustee is appointed or after the trustee, having been told of the hidden assets, has refused to take action. In re Otto-Johnson Mercantile Co., 10 Cir., 48 F.2d 741; In re Eureka Upholstering Co., 2 Cir., 48 F.2d 95. The services for which petitioners seek compensation were performed after a trustee had been appointed. *The only action taken by the petitioners in opposition to the trustee was to urge a different means of distributing the estate. This effort by the*

*appellants had nothing to do with bringing the concealed assets into the estate."* (Italics ours.)

This language demonstrates on its face that the Joslyn case which interprets a different subdivision of the compensation provisions of the Bankruptcy Act, is readily distinguishable. While it is correct to state that attorneys may only collect fees when specifically authorized by the Bankruptcy Act, petitioner observes that its request is based on express language in the Act, itself. This is correct.

The Referee would require a creditor to present his grievance to the trustee as a prerequisite to employing his own attorney. As in other sections of the Bankruptcy Act it might be desirable to have the trustee expressly refuse to take the requested action before a petitioner-creditor would be entitled to proceed on his own initiative. But the language of Section 64, sub. a(3) does not require that which the Referee believes is desirable. Cf. Gelson v. Rudin, 2 Cir., 200 F.2d 31.

The attorney for the trustee would, himself, have been entitled to compensation for performing the identical services. Cf. In re Standard Fuller's Earth Co., D.C., 186 F. 578. The only question is one of amount. The Referee may control this. Cf. In re Weissman, D.C., 267 F. 588. The bankrupt's estate need not be impaired under the circumstances.

The services performed by petitioner's attorneys were availed of by the trustee. The latter's passive or implied acquiescence in the procedures invoked by petitioner and the consequent acceptance of benefits, create a strong equitable base upon which to predicate the relief prayed for.

Accordingly, It Is Ordered that petitioner be reimbursed for attorney's fees in an amount to be fixed by the Referee in Bankruptcy.