**Edwin A. WALKER, Plaintiff-Appellee,**

v.

**COLUMBIA BROADCASTING SYSTEM, INC., Defendant-Appellant.**

**No. 18592.**

United States Court of Appeals, Seventh Circuit.

May 27, 1971.

Don H. Reuben, Chicago, Ill., Robert Oxtoby, Springfield, Ill., Lawrence Gunnels, Steven L. Bashwiner, Chicago, Ill., for defendant-appellant; Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., of counsel.

J. F. Schlafly, Alton, Ill., Clyde J. Watts, Oklahoma City, Okl., Schlafly, Godfrey & Fitzgerald, Alton, Ill., for plaintiff-appellee.

Before CASTLE, Senior Circuit Judge, and KILEY and PELL, Circuit Judges.

CASTLE, Senior Circuit Judge.

This is an appeal by Columbia Broadcasting System, Inc. from a judgment

order of the District Court awarding attorney fees and out-of-pocket expenses to opposing counsel who successfully defended against an application for writ of mandamus made to this Court in which CBS sought to compel the transfer of a lawsuit to another district.

The underlying main action is a defamation suit filed in the District Court September 11, 1968, by Edwin A. Walker against CBS. CBS filed a motion in the District Court, pursuant to 28 U.S. C.A. § 1404(a),[1] for the transfer of the suit to the Northern District of Illinois, Eastern Division (Chicago, Illinois). After briefing and argument, the motion to transfer was denied by Chief District Judge Omer Poos. CBS then filed an original petition for writ of mandamus in this Court, naming Judge Poos as respondent, to compel the transfer. This Court issued a rule to show cause ordering Judge Poos to file a response. The attorneys who represent Edwin A. Walker, the plaintiff in the defamation action, entered their appearances in this Court for Judge Poos and prepared the response filed in his behalf. This Court on consideration of the petition for writ of mandamus and the response so filed found that CBS had failed to show that the action of the respondent, Judge Poos, in the premises constituted a clear abuse of discretion, and denied the petition. CBS filed a petition for certiorari in the Supreme Court of the United States to review this Court's denial of mandamus. Walker's attorneys filed a brief in opposition thereto on behalf of Judge Poos. The petition for certiorari was denied by the Supreme Court on March 2, 1970.

On April 16, 1970, a petition for allowance of counsel fees was filed in the District Court defamation action by attorneys Schlafly, Godfrey & Fitzgerald. The petition sets forth, *inter alia*, that Judge Poos "asked the petitioners to represent him and to act as his counsel" in the matter of CBS' mandamus action

in this Court and the petition for certiorari in the Supreme Court; describes the nature of the legal services performed and relates the result achieved; avers that petitioners expended the sum of $261.00 in connection therewith; alleges that petitioners "should be compensated by the Defendant [CBS]"; and prays for an award of $5000.00 for attorney fees and $261.00 for out-of-pocket expenses.

CBS filed a motion to strike the petition on the grounds that it was without foundation in law and submitted a memorandum in support of its motion. Subsequently, CBS stipulated that the $5000 in fees claimed are reasonable but denied that petitioners were entitled to the allowance of any fees. A formal hearing on the petition and motion was waived and the matter was submitted to the court on briefs.

The District Court allowed the petition and entered a judgment order that the petitioners recover the $5261.00 claimed from CBS. This appeal by CBS followed.

It has been recognized that where the purpose of a mandamus proceeding is to secure what is in effect an interlocutory review of the intrinsic merits of a judicial act—such as the denial of a transfer requested under § 1404(a)—as distinguished from a complaint against a judge's conduct which is extrinsic to the merits of a decision, the judge, although named as respondent, is merely a nominal party. The real parties in interest are the litigants in the underlying action. Rapp v. Van Dusen, 3 Cir., 350 F. 2d 806, 812–813. And, in this respect, provision is made in Rule 21(b) of the Federal Rules of Appellate Procedure that where the court of appeals orders the filing of an answer to a petition for writ of mandamus:

> " * * * The order shall be served by the clerk on the judge or judges named respondents and on all other parties to the action in the trial court.

---

1. § 1404(a) provides that: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

All parties below other than the petitioner shall also be deemed respondents for all purposes. * * * If the judge or judges named respondents do not desire to appear in the proceeding, they may so advise the clerk and all parties by letter, but the petition shall not thereby be taken as admitted. * * * "

Thus, if recognition be given to substance, over the merely formal and technical niceties inherent in mandamus procedure, it is apparent that the attorneys for Walker, although appearing in the mandamus proceeding on behalf of Judge Poos, the named respondent, at his request, were actually representing the interest of their client, Walker, the plaintiff in the underlying defamation suit, in sustaining the District Court's denial of CBS' motion to transfer. And, by virtue of Rule 21(b) Walker was also a party respondent to the mandamus proceeding for all purposes. The mandamus proceeding seeking, in effect, a review of the intrinsic merits of Judge Poos' action was in reality an adversary proceeding between the parties to the underlying defamation suit, the plaintiff Walker and the defendant CBS.

■ That Judge Poos chose to appear in the proceeding and requested Walker's attorney to represent him does not in our judgment supply any basis for the allowance of attorneys' fees and out-of-pocket expenses against CBS than would otherwise exist.

The foregoing preliminary observations serve to bring into sharper focus what we conceive to be the main contested issue presented on this appeal. That is whether a party who unsuccessfully prosecutes a mandamus proceeding to compel the transfer of a suit to another district, after denial of a § 1404(a) motion for such transfer by the district court, may be adjudged liable to pay the reasonable counsel fees of the opposing attorneys.[2]

The fundamental rule both in the federal and state courts is that ordinarily the attorneys' fees of another party are not chargeable against a litigant unless a particular statute or an agreement between the parties so provides. Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 717–718, 87 S.Ct. 1404, 18 L.Ed.2d 475; In re Joslyn, 7 Cir., 224 F.2d 223, 225; Smoot v. Fox, 6 Cir., 353 F.2d 830; Ritter v. Ritter, 381 Ill. 549, 553, 46 N.E.2d 41; Child v. Lincoln Enterprises, Inc., 51 Ill.App.2d 76, 83, 200 N.E.2d 751.

In Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, p. 717, 87 S.Ct. 1404, p. 1406 the Court, after referring to the contrary practice in the courts of England, stated:

"Although some American commentators have urged adoption of the English practice in this country, our courts have generally resisted any movement in that direction. The rule here has long been that attorney's fees are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor."

The Court noted, however, (386 U.S. at pp. 718–719, 87 S.Ct. at p. 1407) that there are "limited exceptions" to the American rule. These may be delineated as:

(a) In appropriate circumstances, an admiralty plaintiff may be awarded counsel fees as an item of compensatory damages (not as a separate cost to be taxed). Vaughan v. Atkinson, 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88.

(b) In a civil contempt action occasioned by willful disobedience of a court order an award of attorney's fees may be authorized as a part of the fine to be levied on the defendant. Toledo Scale Co. v. Computing Scale Co., 261 U.S. 399, 43 S.Ct. 458, 67 L.Ed. 719.

(c) Cases where the plaintiff traced or created a common fund for the ben-

2. Neither party to this appeal urges that the normal out-of-pocket expenses of counsel are to be treated, in the context here involved, any differently than reasonable attorneys' fees.

efit of others as well as himself. Central Railroad & Banking Co. v. Pettus, 113 U.S. 116, 5 S.Ct. 387, 28 L.Ed. 915; Trustees v. Greenough, 105 U.S. 527, 26 L.Ed. 1157.

(d) A variation of the common-fund situation where, although the plaintiff had not in a technical sense sued for the benefit of others or to create a common fund, the *stare decisis* effect of the judgment obtained by the plaintiff established as a matter of law the right of a discernible class of persons to collect upon similar claims. Sprague v. Ticonic National Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184.

All of the above exceptions involve situations where the Court deemed "overriding considerations of justice" to compel such a result.

The continued vitality of the general rule referred to in *Fleischmann, supra,* was affirmed by Mills v. Electric Auto-Lite Co., 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593, in which the Supreme Court recognized an additional exception thereto after first stating (396 U.S. at pp. 391–392, 90 S.Ct. at p. 625):

> "While the general American rule is that attorneys' fees are not ordinarily recoverable as costs, both the courts and Congress have developed exceptions to this rule for situations in which overriding considerations indicate the need for such a recovery."

In *Mills* two shareholders of a corporation sued both derivatively and as representatives of minority shareholders to have the corporation's merger into another corporation set aside because of a misleading proxy statement circulated by the corporation's management in the solicitation of shareholders' votes in favor of the merger. The petitioners were successful in obtaining an interlocutory judgment on the issue of liability, which the Supreme Court found was properly

awarded. And, in this posture of the matter, the Court declared that the petitioners, "who have established a violation of the securities laws by their corporation and its officials, should be reimbursed by the corporation or its survivor for the costs of establishing the violation", and held that the petitioners were entitled to an interim award of litigation expenses and reasonable attorneys' fees. The Court reasoned that regardless of the ultimate relief which might be granted, the petitioners' action involved corporate therapeutics and furnished a benefit to all shareholders by providing an important means of enforcement of the proxy statute. The Court pointed out (396 U.S. at p. 394, 90 S.Ct. 616) that the courts increasingly have recognized that the expenses incurred by one shareholder in the vindication of a corporate right of action can be spread among all shareholders through an award against the corporation, regardless of whether an actual money recovery has been obtained in the corporation's favor. And in concluding the Court made the pertinent observation (396 U.S. at pp. 396–397, 90 S.Ct. at p. 628) that:

> "To award attorneys' fees in such a suit to a plaintiff who has succeeded in establishing a cause of action is not to saddle the unsuccessful party with the expenses but to impose them on the class that has benefited from them and that would have had to pay them had it brought the suit."

None of the limited exceptions to the general rule delineated in the decisions to which we have referred affords a basis for the award of attorneys' fees made in the instant case.

■ The petitioners urge that inasmuch as mandamus is a remedy controlled by equitable principles [3] the discretion which Rule 54(d) of the Federal Rules of Civil Procedure [4] vests in the

---

3. United States ex rel. Greathouse v. Dern, 289 U.S. 352, 359, 53 S.Ct. 614, 77 L.Ed. 1250.

4. Rule 54(d) provides, in pertinent part:
"Costs. Except when express provision therefor is made either in a stat-

district court over the allowance or apportionment of costs authorized the allowance made in the instant case. But Rule 54(d) deals only with "costs", and in *Fleischmann, supra,* it was definitively stated (386 U.S. at p. 720, 87 S.Ct. at p. 1408):

> " * * * [W]ith the exception of the docket fee provided by 28 U.S.C. § 1923(a), the statutory definition of the term 'costs' does not include attorney's fees, * * *."

We are of the opinion that the discretionary power granted by Rule 54(d) pertains to the allotting of authorized costs as between the parties, but does not embrace the awarding of attorneys' fees *as such*. But, if the language used in *Mills, supra* (396 U.S. at pp. 391–392, 90 S.Ct. 616) in stating the general rule to be that attorneys' fees are not ordinarily recoverable "as costs" may be taken as equating such fees with statutory costs, when allowable, it would appear from the context that it does so only with respect to those recognized limited exceptions which permit a party's attorneys' fees to be recovered from another party. We do not regard Rule 54(d), in itself, as decreeing that absent an expression to the contrary by an applicable statute or in the rules, or by a contrary ruling made in the exercise of the court's discretion, the prevailing party is to be allowed his attorneys' fees as a matter of course. Rule 54(d) does not deal with attorneys' fees, as such. In our judgment, absent authority given by statute or rule, Rule 54(d) does not vest a general discretionary power in the district courts which they may exercise to allow attorneys' fees as costs unless the situation presented falls within one of the recognized limited exceptions to the general rule, such as where overriding considerations of justice so require (*Fleischmann, supra*), or the remedial object of the plaintiff's suit in vindicating statutory policy so dictates (*Mills, supra*).

The principal argument advanced by the petitioners on appeal to sustain their judgment order against CBS for attorneys' fees is that CBS' action in filing the mandamus proceeding, and upon denial of the writ petitioning for certiorari, was groundless and vexatious. Petitioners contend that the judgment order of the District Court represents a proper exercise of the court's power to award attorneys' fees in favor of one party and against another, where an unfounded action or defense is brought or maintained in bad faith, vexatiously, wantonly, or for oppressive reasons. In this connection the petitioners point to the recognition in Newman v. Piggie Park Enterprises, 390 U.S. 400, 402, 88 S.Ct. 964, 966, 19 L.Ed.2d 1263 (footnote 4) that:

> " * * * it has long been held that a federal court may award counsel fees to a successful plaintiff where a defense has been maintained 'in bad faith, vexatiously, wantonly, or for oppressive reasons'. 6 Moore's Federal Practice, 1352 (1966 ed.)."

They also cite the decision of this Court in In re Swartz, 7 Cir., 130 F.2d 229, 232, where counsel fees allowed against a party who filed groundless and vexatious petitions in a bankruptcy proceeding were sustained, and other cases expository of this additional exception to the general rule which are cited to the text in 6 Moore's Federal Practice, p. 1352 (1966 ed.).

But, on the record here presented, there is no basis for petitioners' reliance upon the exception from the general rule recognized by those decisions which permit the allowance of attorneys' fees where a groundless action is brought in bad faith or maintained vexatiously. Here the petition requesting the allowance of attorneys' fees to the petitioners is grounded on an allegation that petitioners are entitled to such fees from CBS "[u]nder equity doctrines and for reasons of justice". No allegation is

ute of the United States or in these rules, costs shall be allowed as of

course to the prevailing party unless the court otherwise directs; * * *."

made that the action of CBS in the premises was either unfounded or vexatious. No evidence was adduced in support of the petition, and no finding of bad faith or vexatiousness was made by the District Court in its order or otherwise. And the record of the mandamus proceeding, and the subsequent application for certiorari, do not on their face warrant a conclusion that either was prosecuted in bad faith or vexatiously. And this is so whether they are considered apart from or in conjunction with the proceedings in the underlying action-in-chief, the defamation suit.

Moreover, our denial of mandamus was, of course, not an adjudication that the District Court could not have properly granted the requested transfer. This Court decided only that it was not a "clear abuse of discretion" for the District Court to deny the transfer. We perceive no basis for attributing bad faith to CBS merely because it sought to test the District Court's interlocutory ruling denying the transfer or sought review of our subsequent action.

We conclude that the District Court erred in making the award of attorneys' fees and out-of-pocket expenses against CBS. The judgment order appealed from is reversed.

Reversed.