110

In the Matter of PEERLESS MANU-
FACTURING COMPANY,
Bankrupt (two cases).

Edward LIMPERIS, former trustee, and
Louis I. Kessler, attorney for former
trustee, Appellants,

v.

UNITED MERCHANTS & MANUFAC-
TURERS, INC., et al.,
Creditors, Appellees.

UNITED MERCHANTS & MANUFAC-
TURERS, INC., et al., Creditors,
Appellants.

v.

Lee GOLLUB, Appellee.

Nos. 74–1585, 74–1586.

United States Court of Appeals,
Seventh Circuit.

Heard April 1, 1975.

Decided July 15, 1975.

Jerome E. Wexler, Alex H. Dolnick, Mark A. Greenhouse, Chicago, Ill., for Limperis.

Joseph Stein, Chicago, Ill., for United Merchants & Mfg.

Before FAIRCHILD, Chief Judge, McAllister,* Senior Circuit Judge, and SWYGERT, Circuit Judge.

SWYGERT, Circuit Judge.

These appeals raise issues concerning the appropriate fees that should be allowed when creditors of a bankrupt successfully attack the appointment of the trustee and a successor trustee is appointed.

Peerless Manufacturing Company, an Illinois corporation engaged in the manufacture and sale of women's sportswear, was adjudged a bankrupt on March 4, 1968, after the failure of a petition for arrangement under Chapter 11 of the Bankruptcy Act. Edward Limperis was appointed by the court as receiver and retained Louis I. Kessler as his counsel by order of court. Subsequently, on April 29, 1968, at the first meeting of creditors, thirteen creditors, whose total claims constituted a majority of the bankrupt's total general indebtedness, nominated Sherwyn L. Ehrlich as trustee, and one other creditor nominated Limperis. Without a vote on the nominations the bankruptcy judge rejected the nomination of Ehrlich based on objections to his qualifications and appointed Limperis as trustee. Limperis in turn again retained Kessler as his counsel pursuant to court order.

The thirteen creditors involved, represented by Attorney Joseph Stein, objected to the rejection of their nominee for trustee and took a review to the district court, but without success. They then prosecuted an appeal to this court and in an opinion dated August 5, 1969, 416 F.2d 57, we reversed the district court on the ground that the thirteen creditors had wrongfully been disenfranchised and remanded the matter with instructions to hold a new election for trustee. Pursuant to the remand a new election was held and Ehrlich was elected successor trustee, and he thereafter retained Joseph Stein as his counsel.

At the conclusion of the bankruptcy proceedings allowances were made by the bankruptcy judge to Limperis as receiver and to Kessler as his counsel. In addition allowances were granted to Limperis as trustee and Kessler as his counsel for their hours and accomplishments during the interim period of the first appointment by the bankruptcy judge which was ultimately reversed by this court. Allowances were additionally made to Ehrlich as successor trustee and to Stein as his counsel for the work accomplished and the time expended after Ehrlich's election by the creditors. No allowances were granted for Stein's efforts on behalf of the thirteen creditors that resulted in the new election and appointment.

On review the district court disallowed any fees to Limperis for his work as trustee and to Kessler as attorney for the trustee. The refusal to allow fees to Stein for any legal work done in order to secure the new election was upheld. Both these rulings by the district court are being appealed.

Appeal No. 74–1585

Limperis and Kessler appeal from the order denying them compensation for duties performed pursuant to appointments that were subsequently terminated. The district court held that they were not entitled to fees since they knew of the creditors' contention from the outset and thus were serving "in the presence of a viable challenge to the validity of their appointment and subject

---

* The Honorable Thomas F. McAllister, Senior Circuit Judge of the United States Court of Appeals for the Sixth Circuit, is sitting by designation.

**112**

to the denial of fees for their efforts under that appointment . . .." We do not agree.

This court's determination that the bankruptcy judge had acted improperly in summarily rejecting the Ehrlich nomination did not mean that Limperis' and Kessler's appointments were invalid in the sense that they should receive no compensation. They had been appointed by the referee who had jurisdiction to make such appointments; this court has never said that these appointments were void. Limperis and Kessler were properly acting as trustee and attorney respectively, until the time that this court entered its opinion. It was their duty to defend the decisions of the bankruptcy judge and the district court. We think it would be unwise to require that persons who accept positions as trustees and attorneys must evaluate the legality of their own appointments in order to determine whether they will even receive fair compensation for their work. There would be a great disincentive to accept such appointments in the face of any type of challenge. We have entrusted the function of approving the trustee to the bankruptcy judge. If that decision is found incorrect and is reversed on appeal it should not be at the financial expense of a trustee and attorney who had adequately performed their duties pursuant to an order valid on its face. This is not a situation in which there was a finding of negligence, abuse of trust, or unfaithfulness. We believe the equitable principles that govern bankruptcy proceedings dictate that reasonable fees be allowed both Limperis as trustee and Kessler as his attorney.

### Appeal No. 74–1586

 This is an appeal of the thirteen creditors from the denial of compensation to Stein for the legal services he rendered in successfully challenging the appointment of the original trustee.

The creditors concede that the general rule is that once a trustee is appointed no one other than the trustee or his duly authorized attorneys and agents should be awarded compensation unless the trustee refused to act, formal authorization to act in the trustee's stead was procured from the court, and the estate was benefitted by the action. Were this not the law then "courts of bankruptcy would be confronted in many instances with numerous claims for compensation for 'voluntary' assistance." *Cox* v. *Elliott,* 122 F.2d 851, 852 (8th Cir. 1941).

The creditors argue that their claim, however, falls within one or both of two exceptions to the general proposition. First, they contend that the attorney's fees are compensable under the authority of *Randolph* v. *Scruggs,* 190 U.S. 533, 23 S.Ct. 710, 47 L.Ed. 1165 (1903), which holds that the counsel for an assignee for the benefit of creditors is entitled to a preferred status in claiming compensation out of the estate. But *Randolph* v. *Scruggs* involves an award of compensation for services performed prior to the appointment of a bankruptcy trustee and thus is not actually an exception to the general principle governing our case. An assignee and his attorney perform somewhat the same function as a trustee and his attorney and should be compensated even if bankruptcy subsequently occurs. This is the basic principle of *Randolph* v. *Scruggs* and it is simply not applicable to the situation before us.

The creditors also offer a second basis for finding an exception to the general rule. They cite *In re New York Investors,* 130 F.2d 90, 92 (2d Cir. 1942), for the proposition that an exception to the usual ban on compensation to non-officials should exist when "receivers, trustees, or their attorneys may have had personal interests so opposed to those of the creditors that only the latter would be likely to question what was allowed." In that case the court did authorize compensation from the estate for the services involved in a successful challenge to the allowances given the receivers and their counsel that resulted in a $70,000 savings to the estate. It should be noted, however, that the Eighth Circuit has denied compensation in a case in which

creditors were unsuccessful in an attempt to remove the trustee and his counsel, but did succeed in reducing the amount of the trustee's attorney's fees by $3,799. *Cox* v. *Elliott, supra.*

In our case we do not believe that an exception to the general rule is proper. We agree that the creditors' right to elect the trustee is quite important. But we do not find that the thirteen creditors who retained counsel to vindicate that right should be reimbursed by the estate for their attorney's fees. The creditors are incorrect when they argue that this court implicitly held that such reimbursement was proper when we allowed the creditors costs against the estate in the earlier successful appeal. Attorney's fees are a separate item from costs in a bankruptcy proceeding just as in other cases and the general American rule disallowing an award of attorney's fees is applicable. *In re Joslyn,* 224 F.2d 233 (7th Cir. 1955).

Even if we were to accept the Second Circuit's position, we do not think the equitable considerations in the instant case are so compelling as to allow the award of the attorney's fees. *In re New York Investors* involved a situation in which the benefit to all the creditors was a monetary increase in the amount of the bankrupt's estate. After the allowance of the additional attorney's fees each of the creditors still received a larger award than they would have had there been no challenge. Our situation is different. The only direct benefit to the creditors was a vindication of the right to vote in the election of the trustee. Although this is a valuable right, no actual increase in the amount of the bankrupt's estate resulted solely from the appellants' successful challenge. Thus we do not have a situation in which the other creditors will have been monetarily benefitted by the appellants' challenge even after an award of fees. We cannot assume that all the creditors thought that the vindication of their right to elect the trustee was worth the attendant expense. The thirteen creditors-appellants obviously did think so. We do not believe that they can impose their will on the other creditors to the extent of requiring that the other creditors absorb part of the cost of the services provided by the attorney retained by the thirteen creditors. The ruling of the district court upholding the denial of compensation from the estate for such fees was correct.

In No. 74–1585 the decision of the district court is reversed and the matter is remanded to that court. In No. 74–1586 the decision appealed from is affirmed.