**In the Matter of SNUG FIT MARINE PRODUCTS, INC., Debtor.**

**Bankruptcy No. 79–90–BK–JE–B.**

United States Bankruptcy Court,
S. D. Florida.

Nov. 27, 1979.

Arthur S. Weitzner, Miami, Fla., for several creditors.

William M. Manker, Miami, Fla., for bankrupt.

## SECOND ORDER FOR FEES FOR OPPOSITION TO CONFIRMATION

THOMAS C. BRITTON, Bankruptcy Judge.

Arthur S. Weitzner, as attorney for several creditors in this case, has applied for compensation from the estate under § 64a(3) of the Act. (C.P. No. 95) That section accords a priority status to "the reasonable costs and expenses" of creditors in blocking confirmation of a Chapter XI arrangement. These creditors through this attorney twice achieved that result in this case. Therefore, by order entered on July 26, 1979 (C.P. No. 101) Weitzner's application was granted.

On the debtor's motion (C.P. No. 104), that order was later set aside (C.P. No. 109) because notice had not been given upon the motion in accordance with B.R. 11–24(a)(7).

The matter has been reheard and briefed by the parties. I am now satisfied that the notice requirement was met in the Order for First Meeting, paragraph seven. (C.P. No. 8) The confirmation hearing was held on July 25, 1979 (C.P. No. 92) and Weitzner's application was filed before that hearing.

Weitzner's application is opposed on two grounds: (1) that no ultimate benefit accrued to the creditors from this service and (2) that the creditors have not paid the fee and the expenses.

*In re Fashion Shop, Inc.,* E.D.Pa. 1934, 6 F.Supp. 533, 539 is, perhaps, the only reported decision touching these points. The District Judge in that case rejected the Bankruptcy Court's conclusion that there must be an actual monetary benefit to the creditors before the estate may be charged for expenses incurred in defeating confirmation. There is no such requirement in § 64a(3) and as the District Court states:

"We do not think we are at liberty to add further conditions which the act does not impose."

I agree. The first objection to Weitzner's application is without merit.

The District Court also held, with respect to the second objection, that:

"The original petition was by counsel for the allowance of a fee to him. Clearly he is given no such right by the act. . . In making this comment we do not wish to be understood as distinguishing between an expense paid by the creditor and one incurred. Whatever question might thus arise is not before us. The petition does not ask for the allowance for 'reasonable expenses' paid or incurred, but for counsel fees qua counsel fees for services, as we have said, as if rendered to the bankruptcy estate. Such claim we think was properly rejected."

This holding is cited with approval in *Collier on Bankruptcy* (14th ed.) ¶ 64.302 n. 6 and is in line with the strict construction given all fee provisions contained in the Bankruptcy Act. *In re Joslyn,* 7 Cir. 1955, 224 F.2d 223, 225.

The application before me cannot be distinguished from the one rejected by both the Bankruptcy Court and the District Court in *In re Fashion Shop, Inc.* For that reason, Mr. Weitzner's application is denied.